Opinion by
Cercone, J.,
Stanley Mitek, appellant, filed a complaint in equity seeking an accounting of commissions due him by the defendant Ste-Mel Signs, Inc. The court transferred the action to the law side, and the amount in controversy being less than $10,000, the case was heard by an Arbitration Panel. On August 18, 1971, the arbitrators entered an award in the amount of $1,000 in favor of Stanley Mitek, which award he believed inadequate and from which he sought to appeal to the Common Pleas Court. Mitek had petitioned the court below for leave to appeal in forma pauperis without prepayment of costs of suit which amounted to $229. The petition showed that aside from the $1,000 award his assets consisted of only a $175 savings account. The court below, however, denied the petition, relying on the language of section 28 of the Act of June 16, 1886, P. L. 715, §28, 5 P.S. 72, which provides-that the party against whom any award shall be made can petition that by reason of poverty he is unable to pay the costs of suit and the court if satisfied as to the truth of the averments can allow the appeal without prepayment of the costs. The court below reasoned: “In the instant case, the Arbitration Award was in favor of the Petitioner and this Court was therefore compelled to deny his Petition.”
*397 Mitek has appealed, contending that the statute unlawfully discriminates against a poor plaintiff who seeks to appeal from an inadequate award and therefore “must be stricken as unconstitutional”. However, even if there was an unconstitutional discrimination made in the statute, we would not be able to rewrite it so as to include the plaintiff within its terms. A finding of unconstitutionality would merely result in the statute being struck down and declared void and would not give rise to any rights in the plaintiff other than those he would otherwise possess. But we find no necessity for a declaration, of unconstitutionality. The statute does not prohibit an appeal in forma pauperis from an inadequate award; the statute is merely silent with respect to such appeal and therefore resort can be had to the common law. As was pointed out in 1849 by then Chief Judge Gibson in Lents v. Lamping Ji, 12 Pa. 344, at 346: “. . . It had not occurred to the legislature that a plaintiff might elect to reverse his own award by appeal, as a plaintiff may elect to reverse his own judgment by word of error; and as they have not provided for such a case, we are to dispose of it according to the principles of the common law.”
The question now is: What are the common law rights of a pauper appellant? As early as 1496, in the eleventh year of the reign of Henry VII, a statute, the Statute of 11 Henry VII, gave the Chancellor jurisdiction to decree poor plaintiffs to be entitled to sue in forma pauperis, and in that capacity command the services not only of the officers of the court, and the attendance of witnesses, without pay, but to require the court to assign them counsel gratis. This statute is a part of the common law of Pennsylvania and applies to relief in forma pauperis on appeal as well as in initial suit: Rowley v. Vaughan, 24 Beaver County Legal Journal 14 (1962). Such common law relief was not intended to be limited or restricted by the Act of June *398 16, 1836. In fact, that Act was intended to enlarge the common law by affording the right to appeal in forma pauperis to a defendant as well as a plaintiff, as reasoned by President Judge Clayton of the Common Pleas Court of Delaware County in Cowan v. City of Chester, 2 Delaware County Eeports 234, at 235 (1884) : “This statute [that of Henry VII] is in force in this State. The court in which the action is brought, exercises the power of the Chancellor, and when a plaintiff is proved too poor to pay costs or to give security for them, he has the right to prosecute his suit free from costs.
“Without the Act of June 16, 1836, giving the right of appeal to persons too poor to pay the costs when the rule to refer was not taken out by the appellant, pauper plaintiffs would have the right of appeal without payment of costs. The last Act was intended to give the right to both parties, where the appellant had not taken out the rule of reference. Both statutes are remedial and are to have a liberal construction. It would be a mockery of charity to say to a poor person, you may prosecute your suit in a court of justice without the payment of costs, but you must give good security to pay them all if you lose your suit. A person too poor to pay costs could rarely find friends willing to become surety for them. This is the construction put upon the Act in Wendell vs. Simpson, 7 W.H. 31.”
It is clear, therefore, that independent of the statute of 1836, plaintiff would have the right under the common law to appeal in forma pauperis without restriction as to whether or not the appeal was from an award against him or from an inadequate award in his favor. Thus the court below erred in relying solely on the terms of the Act of June 16, 1836.
The order of the court below denying the petition is hereby reversed and the case is remanded for further proceedings consistent with this opinion.