378 A.2d 443

**Ines DAVILA, Appellant,**

v.

**Jose SOTO, Appellee.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Oct. 6, 1977.

Reargument Denied Oct. 31, 1977.

Andrew F. Erba, Philadelphia, for appellant.

John L. Walder, Philadelphia, for appellee.

44

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, Ines Davila, seeks a reversal of the lower court's decision denying his petition to appeal in forma pauperis. Since we do not believe that it can be said that the lower court abused its discretion, we affirm.

This case arose out of an automobile accident between appellant and appellee, Jose Soto. Appellant brought a suit in trespass against appellee for damages to appellant's automobile in the amount of $1,159.28. Appellee then counterclaimed in the amount of $535.45 for damages to his car. The case went to arbitration, and the arbitrators unanimously awarded $535.45 to appellee only, on the counterclaim. Appellant then petitioned to be allowed to appeal in forma pauperis alleging that he was financially unable to pay the costs necessary for perfecting an appeal from the arbitrator's award without "substantially impairing his ability to provide the necessities of food, clothing and shelter for himself and his family." After a hearing, the lower court denied appellant's petition and hence this appeal.

The applicable statute, found at 5 P.S. § 72,* provides that "it shall be lawful" for a lower court to grant the right to appeal an arbitration award in forma pauperis if "by reason of poverty" a petitioner "is unable to pay the costs of the suit . . . ." It is the recognized policy of this Commonwealth that when a plaintiff is proved to be in poverty, he still has the right to prosecute his suit free from costs. *Mitek v. Ste-Mel Signs, Inc.*, 222 Pa.Super. 395, 294 A.2d 813 (1972). Conversely, it is also a policy of this Commonwealth that those persons who can afford the costs of appeal may not enjoy the right of appealing without payment. *Gerlitzki v. Feldser*, 226 Pa.Super. 142, 146, 307 A.2d 307 (1973) (dissenting opinion).

* Act of June 16, 1836, P.L. 715, § 28.

█ In determining when a petitioner is entitled to an appeal in forma pauperis from an arbitration award, a majority of this court has noted that:

"The question . . . is not whether petitioners are unable to pay the costs but whether they are in poverty. If they are in poverty, it follows that they are unable to pay the costs, and their petition should be granted. The Act, moreover, is to be read not with an accountant's but a housewife's eyes. 'Poverty' does not refer solely to a petitioner's 'net worth' but to whether he is able to obtain the necessities of life." *Gerlitzki v. Feldser*, 226 Pa.Super. at 144, 307 A.2d at 308.

The condition of being "in poverty" was further explained in *Schoepple v. Schoepple*, 239 Pa.Super. 557, 361 A.2d 665 (1976) where it was noted that "a distinction is to be drawn between the condition of 'poverty' . . . and the condition of 'inability to pay all or part of the costs' . . . . Of these two conditions, that of poverty is the more inclusive: one in poverty will not be able to pay costs; one not able to pay costs might not be in poverty . . . ." 239 Pa.Super. at 562, 361 A.2d at 668. The question presented to the lower court, then, is whether appellant was "in poverty" within the meaning of the statute. In handling petitions to appeal in forma pauperis there must be considerable discretion vested in the lower courts so that persons who are not in poverty may not enjoy the privilege of appealing an arbitration decision without the payment of costs. This is especially true when the lower court conducts a hearing on the petition. See *Gerlitzki v. Feldser*, supra.

█ Therefore, the seminal question before this court is whether the lower court abused its discretion in determining that appellant was not in poverty. The lower court found, and the record indicates, that appellant is not on public assistance, although he is unemployed, and that his wife, with whom he resides, works earning approximately $80 net per week. The court also found that appellant has a small amount of equity in his house, and that he owns a 1969 Chevrolet Malibu for which he recently spent more than

46

$1,000 to repair. The lower court then noted the expenses alleged by appellant and concluded that appellant "is clearly able to obtain the necessities of life. He eats well, lives comfortably in his own home which he apparently has no difficulty maintaining and owns an automobile which he can afford to keep in repair."

In light of these facts we cannot say that the lower court abused its discretion.

The Order of the lower court is, therefore, affirmed.

PRICE, J., concurs in the result.