419 A.2d 1238

**Lois THOMPSON, Appellant,**

**v.**

**GARDEN COURT, INC., a corporation organized and doing business under the laws of Pennsylvania, and Grace Lehman, indiv. and as agent for Garden Court, Inc.**

Superior Court of Pennsylvania.

Argued June 14, 1979.

Filed April 25, 1980.

John S. Burson, Lancaster, for appellant.

D. Patrick Zimmerman, Lancaster, for appellees.

Before SPAETH, STRANAHAN * and SUGERMAN *, JJ.

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

SPAETH, Judge:

The issue on this appeal is whether the lower court erred in denying appellant leave to file *in forma pauperis* a complaint in trespass and assumpsit.

On December 13, 1978, appellant filed a petition in the lower court for leave to file *in forma pauperis* a complaint in trespass and assumpsit against appellees.[1]  The petition alleged that appellee's monthly income is fixed at $277.30, and that her monthly expenses are $292.46.  The costs of filing suit against appellees consist of a $20.50 filing fee and a $35.00 charge by the sheriff for service of process.[2]  The petition further alleged that even though her regular expenses exceeded her income, appellant has tried to save money to pay the costs of filing suit, but has been unable to do so, so that unless authorized to proceed *in forma pauperis*, she will be unable to prosecute her causes of action against appellees.  Attached to the petition was a financial statement itemizing appellant's income, expenses, and assets.  Also attached was a copy of the complaint appellant sought to file; the complaint alleged as follows.  On January 25, 1978, appellant was living at Garden Court Apartments.  On that date, her apartment was flooded with water.  The flood destroyed, among other things, appellant's carpeting and personal papers.  Among the destroyed papers were letters from her late husband.  Appellant had to move to a new residence, as the dampness remaining in the apartment after the flood had subsided aggravated appellant's pre–existing respiratory ailments.  The flood was caused by appellees' negligence and also constituted a breach of her lease.

██ The lower court denied the petition the same day it was filed.  Citing decisions by the United States Supreme

1.  Appellant has been represented in the lower court and on appeal by Central Pennsylvania Legal Services.

2.  Appellant states in her brief that the sheriff requires this $35.00 charge to be paid in advance of service, on the understanding that if the actual cost of service proves to be less than $35.00, the sheriff will return the difference.

Court in *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), and *Ortwein v. Schwab,* 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973), the court held that civil plaintiffs in Pennsylvania cannot proceed *in forma pauperis* except in divorce actions. This ruling was erroneous.[3]

■ "Indulgence toward poor persons in bringing their actions has existed from an early period . . . ." 15 Stand.Pa.Prac.–*Costs* § 125 at 681 (1965). Under the Statute of 11 Henry VII, c. 12 (1494),

> [E]very poor person or persons, which have, or hereafter shall have cause of action or actions against any person or persons within this realm, have, by the discretion of the Chancellor of this realm for the time being, writ or writs original, and writs of subpoena, according to the nature of their causes, therefore nothing paying to your Highness for the seals of the same, nor to any person for the writing of the same writ or writs to be hereafter sued; . . . ."

This statute is part of the common law of Pennsylvania, *Report of the Judges,* 3 Binn. 593, 617 (1808); 1 Pa.C.S.A. § 1503 (1964–78 Pamphlet), and provides relief from filing fees and court costs to indigent persons in the commencement and prosecution of civil actions. *Mitek v. Ste–Mel Signs, Inc.,* 222 Pa.Super. 395, 294 A.2d 813 (1973); 3 Goodrich–Amram 2d § 1137:1 at 427 n. 8.

Furthermore, "[i]t is the recognized policy of this Commonwealth that when a plaintiff is proved to be in poverty, he still has the right to prosecute his suit free from costs." *Davila v. Soto,* 250 Pa.Super. 42, 44, 378 A.2d 443, 444 (1977). This policy is expressed in 42 Pa.C.S.A. § 1725(a) (1979 Pamphlet), which provides that the establishment of filing

**3.** Because the lower court's order denying appellant's petition to proceed *in forma pauperis* has the practical consequence of effectively putting appellant out of court, the order is a final order from which appellant may appeal. *See generally Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978); *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975).

fees in court actions should be guided by the principle that "[t]he unified judicial system is established for the good order of society and the correction of injustice, and no person should have right and justice denied or delayed by reason of poverty." This policy is also expressed in our Rules of Appellate Procedure, which provide for appeals *in forma pauperis* regardless of the type of action involved.[4]

In holding that in Pennsylvania the right to proceed *in forma pauperis* is limited in civil cases to divorce actions, the lower court did not exercise the discretion it was required to exercise when appellant filed her petition. As noted above, appellant's petition alleged that her monthly income was fixed at $277.30, that her expenses exceeded that income, and that her net worth was minimal. These allegations constituted a *prima facie* showing that appellant is impoverished. *See Davila v. Soto, supra; Gerlitzki v. Feldser,* 226 Pa.Super. 142, 307 A.2d 307 (1973). Of course, we do not decide at this stage whether appellant is in fact impoverished. The veracity of appellant's allegations is a matter for the lower court to determine in the first instance. *Smith v. Smith,* 245 Pa.Super. 479, 369 A.2d 729 (1977); *Tomashefski v. Tomashefski,* 246 Pa.Super. 118, 369 A.2d 839 (1976); *Schoepple v. Schoepple,* 239 Pa.Super. 557, 361 A.2d 665 (1976) (plurality opinion). If for some reason the lower court suspects the truth of the allegations in the petition, it may set the matter down for a hearing, for to deny the petition summarily, without a hearing, would be improper. *Davila v. Soto, supra; Howell v. Howell,* 245 Pa.Super. 483, 369 A.2d 731 (1977).

The order of the lower court is reversed and the case remanded for further proceedings consistent with this opinion.[5]

4. Indeed, appellant is proceeding on this appeal *in forma pauperis* pursuant to Pa.R.A.P. 552(d)(3).

5. Because of our disposition above, we do not consider whether the order of the lower court denied appellant her constitutional rights to due process and equal protection under the laws.