422 A.2d 1117

**Glenn OPPEN and Ann Oppen**

**v.**

**Dan CALLAHAN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed Nov. 14, 1980.

Dan Callahan, appellant, in pro. per.

P. Alan Zulick, Norristown, for appellee.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

HESTER, Judge:

Presently before the court is appellant's appeal from the order of the lower court dated March 27, 1979, wherein appellant's petition under Montgomery County Rule of Civil Procedure No. 807(a)(3) for leave to file an appeal from an award of a Board of Arbitrators in Forma Pauperis was denied.

We reverse and remand.

The facts may be briefly summarized as follows: Appellees brought suit against the appellant to recover the sum of money allegedly expended in securing another contractor to complete the painting of the exterior of their home in a workmanlike manner. Appellant counter–claimed for the amount of money allegedly due for additional work performed. The case was certified to arbitration where, after

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

hearing, the Board of Arbitrators awarded appellees $968.00 in damages, and appellant $126.00 on his counter–claim.

Appellant thereafter filed a timely petition to appeal the arbitration award in Forma Pauperis wherein he alleged that he did not have the necessary security of $100.00 to cover future costs nor did he have the necessary appeal fee of $195.00 to pay into the office of the Prothonotary required for appeal. (Additionally, at paragraph 12 of his petition, appellant claimed that he did not have the required $295.00 to perfect his appeal but if in the future he should receive the necessary funds, he stated he would be willing to repay the aforesaid required filing fees).

The day following the filing of the petition to proceed in Forma Pauperis, the lower court, without a hearing, denied same. It is from that order that the instant appeal has been taken.

Appellant raises two issues on appeal: first, that the lower court abused its discretion when it denied appellant's petition without an evidentiary hearing; and second, Montgomery County Local Rule No. 807 is unconstitutional insofar as it applies to appellant.

There exists in Pennsylvania, a statute which sets forth the procedure whereby an aggrieved party may petition the court for leave to proceed on appeal in Forma Pauperis. Said statute provides:

If the party against whom any award shall be made as aforesaid, not being the party by whom the rule of reference was taken out, shall apply by petition, to a judge of the court in which such action is depending, and shall therein set forth that, *by reason of poverty*, he is unable to pay the costs of the suit, as aforesaid, and shall make affidavit of such facts, it shall be lawful for such judge, after due notice to the opposite party, if he shall be satisfied of the truth of the statements in such petition, to make an order, that the appeal of such party in the case, shall be good, although the costs shall not be paid by him, as aforesaid. (Emphasis added).

Act of June 16, 1836, P.L. 715 § 28, 5 P.S. § 72.

As this Court stated in *Gerlitski v. Feldser*, 226 Pa.Super. 142, 307 A.2d 307 (1973): "The question put by the Act of June 16, 1836, supra, is not whether petitioners are unable to pay the costs but whether they are in poverty. If they are in poverty, it follows that they are unable to pay the costs, and their petition should be granted." (at pg. 308).

Continuing, the *Gerlitski* court concluded that if, for whatever reason, a lower court disbelieves the truth of the allegations contained in petition to proceed in Forma Pauperis, it could, "after due notice to the other party", conduct a hearing. "Since the lower court chose to proceed without a hearing it had no power summarily to disbelieve and so deny the petition." (at pg. 308).

The lower court denied appellant's petition without a hearing for the reason that:

"Instantly, there are no allegations which would substantiate a claim that the petitioner is 'in poverty'. He has merely alleged that he is presently unable to pay the court costs. He has not advanced any facts which would show that his condition is such that he is unable to obtain the necessities of life. Absent additional averments of more than a present inability to pay, the petitioner is not entitled to proceed in forma pauperis." (footnote omitted, (R. 8a)).

We believe that the lower court abused its discretion when it denied appellant's petition without a hearing. We are fully cognizant of the distinction between the relative conditions of "poverty" as contrasted with only one's inability to pay appeal costs: " . . . of these two conditions, that of poverty is more inclusive; one in poverty will not be able to pay costs; one not able to pay costs *might* not be in poverty . . ." (Emphasis added). *Schoepple v. Schoepple*, 239 Pa. Super. 557, 562, 361 A.2d 665, 668 (1976).[1]

It is our opinion that the absence of a specific allegation "of poverty" is not fatal, and that appellant is entitled

1. The distinction drawn above in *Schoepple* (supra) evolved out of a case wherein the construction and application of Pa.R.C.P. 1137 was in issue—that due process forbids a state from denying a person access to its divorce courts solely because of his indigency.

to an evidentiary hearing at which time he shall have the affirmative burden of proving not only his present inability to pay the appeal costs but also his poverty.[2] As a condition precedent to the lower court's *denial* of appellant's petition to proceed in Forma Pauperis, we hold that the lower court is required by the Act of 1836 to conduct a hearing. This, it failed to do. Accordingly, we find that the lower court abused its discretion. See, *Mitek v. Ste–Mel Signs, Inc.*, 333 Pa.Super. 395, 294 A.2d 813 (1972); *Davila v. Soto*, 250 Pa.Super. 42, 378 A.2d 443 (1977).

Because of our disposition of this case, we need not address ourselves to the second issue raised by appellant, to–wit, the unconstitutionality of Montgomery County Local Rule No. 807 insofar as the same applies to the appellant herein.

Reversed and remanded with instructions to the lower court to conduct an evidentiary hearing consistent with this opinion.

Reversed and remanded.

---

2. In the alternative, appellant's technical defect in pleading could have been cured by affidavit or petition *nunc pro tunc*. *Wagner v. Wagner*, 112 Pa.Super. 485, 171 A.2d 419 (1934).