437 A.2d 767

**Bernice SELBY, Administratrix of the Estate of Anthony Frank Selby, Deceased, Appellant,**

**v.**

**Edward I. BROWN.**

Superior Court of Pennsylvania.

Argued April 6, 1981.

Filed Nov. 30, 1981.

464

George J. O'Neill, Philadelphia, for appellant.

Charles P. Menszak, Jr., Philadelphia, for appellee.

Before SPAETH, HOFFMAN, and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in denying her petition to proceed in forma pauperis. We agree and, accordingly, reverse the order of the lower court.

Appellant commenced this action after her minor child was struck and killed by appellee's automobile. Following a trial by jury, appellant was awarded a $43,200 verdict. This Court subsequently granted appellee a new trial. *Selby v. Brown*, 250 Pa. Superior Ct. 134, 378 A.2d 862 (1977). After retrial, the jury returned a verdict for appellee, prompting appellant's motion for new trial or judgment n. o. v. Because she was unable to meet the cost of transcribing the notes of testimony as required by rule 240(d) of the Philadelphia C.P. Rules of Court,* appellant petitioned the court for leave to proceed in forma pauperis. The court accepted all of appellant's averments as correct, but nonetheless refused the petition on the ground that it was the obligation of appellant's counsel to meet the necessary costs. We granted

* Philadelphia C.P. Rules of Court 240(d) required appellant to certify whether the transcript is essential to a proper disposition of the post-trial motions, and then to file a copy if it is. Appellant certified that the transcript was necessary and ordered it to be transcribed, but was unable to pay the estimated $1,170.00 expense.

appellant's petition to appeal from the lower court's interlocutory order. *See* 42 Pa.C.S.A. § 702(b).

■■■ Appellant contends that the lower court erred in denying her petition despite accepting all the averments of her poverty. She argues that the common law right to proceed in forma pauperis was not abrogated by her contingent-fee agreement with counsel and that such an agreement does not shift the financial burdens of litigation to her counsel. We agree. It is the recognized policy of this Commonwealth that when a plaintiff is proved to be in poverty, he has the right to prosecute his suit free from costs. *Davila v. Soto*, 250 Pa. Superior Ct. 42, 44, 378 A.2d 443, 444 (1977); *Mitek v. Ste-Mel Signs, Inc.*, 222 Pa. Superior Ct. 395, 294 A.2d 813 (1972). Such a policy is firmly rooted in the common law and "provides relief from filing fees and court costs to indigent persons in the commencement and prosecution of civil actions." *Thompson v. Garden Court, Inc.*, 277 Pa. Superior Ct. 460, 463, 419 A.2d 1238, 1240 (1980). A contingent-fee agreement often provides "the only practical means by which one having a claim against another can economically afford, finance, and obtain the services of a competent lawyer to prosecute his case." Code of Professional Responsibility, EC 2–20. However, the costs of prosecution remain the responsibility of the client regardless of the outcome of the litigation.

> A contract for a reasonable contingent fee where sanctioned by law is permitted by Canon 13, but the client must remain responsible to the lawyer for expenses advanced by the latter. "There is to be no barter of the privilege of prosecuting a cause for gain in exchange for the promise of the attorney to prosecute at his own expense." (Cardozo, Ch. J. in *Matter of Gilman*, 251 N.Y 265, 270–271, 167 N.E. 437.)

ABA Opinion 246 (1942). *See also* Code of Professional Responsibility, DR 5–103(B) (permitting an attorney to advance costs "provided the client remains ultimately liable for such expenses"). We cannot agree with the lower court that the right to proceed in forma pauperis is waived by the

466

signing of a contingent-fee agreement. Because the costs of prosecuting an action remain that of the plaintiff and not counsel, we can find no justification for denying appellant the right to proceed in forma pauperis. Accordingly, we reverse the order of the lower court and grant appellant's petition to proceed in forma pauperis.

So ordered.