484 A.2d 806
**Jan KOZIATEK, Appellant,**

v.

**William E. MARQUETT.**

Superior Court of Pennsylvania.

Argued May 8, 1984.

Filed Nov. 23, 1984.

Allen L. Feingold, Philadelphia, for appellant.

George H. Knoell, III, Norristown, for appellee.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

WICKERSHAM, Judge:

Jan Koziatek appeals from the order of the Court of Common Pleas of Montgomery County denying his petition to proceed in forma pauperis.[1]

In this case, which arose out of an automobile accident, the jury returned a verdict finding that defendant-appellee was sixty-five percent (65%) negligent and plaintiff-appellant was thirty-five percent (35%) negligent, assessing damages sustained by plaintiff-appellant at $10,500.00. The lower court assessed delay damages, molded the verdict, and directed that a verdict be entered in favor of plaintiff and against defendant in the amount of $7,232.66.

Thereafter, the following occurred:

1. plaintiff filed post verdict motions;

2. plaintiff filed a petition to proceed in forma pauperis;

3. on September 12, 1980, Mr. Bonner [counsel for defendant] advised Judge Cirillo that he had never been served a copy of the petition to proceed in forma pauperis, and requested that same be stricken;

4. on September 15, 1980, Judge Cirillo wrote to Mr. Bonner (counsel for defendant) and Mr. Feingold (counsel for plaintiff), advising that he was setting a conference for Tuesday, September 30, 1980, in his chambers, in order that the matter might be resolved;

5. on September 30, 1980, Judge Cirillo entered an Order, granting the petition to proceed in forma pauperis;

---

1. We note that appellee had filed a motion to quash the appeal. That motion was denied by order of this court dated February 10, 1983. An order denying a petition to proceed in forma pauperis in a civil action is final and appealable because the order effectively puts the petitioner out of court. *Thompson v. Garden Court, Inc.*, 277 Pa. Super. 460, 463 n.3, 419 A.2d 1238, 1240 n.3 (1980).

6. on October 2, 1980, Mr. Feingold wrote to Mr. McKeon, the court reporter, requesting that he transcribe the notes of testimony;

7. on October 3, 1980, Mr. McKeon raised the question of payment for said notes with Judge Cirillo and [Judge Stefan, the trial judge], as a result of which, Judge Cirillo, on October 3, 1980, revoked his Order of September 30, 1980. Copies of that Order were mailed to Mr. Feingold and Mr. Bonner;

8. on September 21, 1981, Mr. Bonner wrote to the Court Administrator, requesting that the case be listed for argument;

9. on January 15, 1982, Mr. Feingold wrote to [Judge Stefan], asserting that: "... certain strange happenings have taken place and I am not sure what the present status is of that Petition."

10. on January 19, 1982, [Judge Stefan] wrote to Mr. Feingold, pointing out to him that since October 3, 1980, he had been aware that there was no outstanding Order of Judge Cirillo's, authorizing the plaintiff to proceed in forma pauperis;

11. on January 22, 1982, Mr. Feingold wrote to [Judge Stefan], requesting that the outstanding petition to proceed in forma pauperis be heard prior to any argument on the plaintiff's post verdict motion for new trial;

12. Mr. Feingold's request was granted, and argument was scheduled on the outstanding petition to proceed in forma pauperis for November 1, 1982;

13. on November 17, 1982, after argument before a court en banc, plaintiff's petition to proceed in forma pauperis was denied;

14. it is from the Order of November 17, 1982, that plaintiff appeals.

Lower ct. op. at 1–3.

Appellant states the first issue on appeal as follows:

Whether the Court below erred in denying and dismissing Appellant's Petition to Proceed in Forma Pauperis

when it wrongfully reasoned that a jury verdict for the Appellant would bar the petition.

Brief for Appellant at 1.

■ In giving its reason for denying plaintiff-appellant's petition, the court *en banc* stated: "Having won the case, [appellant] now asks that the notes of testimony be transcribed, at public expense. The Court saw no basis for granting such request." Lower ct. op. at 4. Appellant argues that this statement indicates that the lower Court took the position that a jury verdict in favor of the Plaintiff–Appellant acted as an absolute bar to his later petition to proceed in forma pauperis. We are uncertain that the verdict in favor of appellant was the sole factor which led to the court's decision to deny appellant's petition. If the verdict was the sole reason for the denial, however, we agree with appellant that such a holding was improper. In *Mitek v. Ste–Mel Signs, Inc.,* 222 Pa.Super. 395, 294 A.2d 813 (1972), this court considered what effect an inadequate arbitration award in favor of the plaintiff would have on plaintiff's right to petition to proceed in forma pauperis. We held that the "plaintiff would have the right under the common law to appeal in forma pauperis without restriction as to whether or not the appeal was from an award against him or from an inadequate award in his favor." *Id.,* 222 Pa.Superior Ct. at 398, 294 A.2d at 814. *Also see, Selby v. Brown,* 292 Pa.Super. 463, 437 A.2d 767 (1981). Thus, despite the fact that appellant received a favorable verdict at trial, he must nevertheless be given an opportunity to prove that he is in poverty. If he proves that he is indeed in poverty, then he enjoys a common law right to proceed in forma pauperis.

Appellant states the remaining two issues as follows:

Whether the Court below erred in denying and dismissing Plaintiff–Appellant's Petition to Proceed In Forma Pauperis following a prima facie showing of impoverishment.

Whether the Court below abused its discretion when [it] summarily revoked its Order granting Plaintiff–Appellant's Petition to proceed in forma pauperis.

Brief for Appellant at 1.

 Since the court could not properly dismiss appellant's petition solely on the basis of a verdict in his favor, the court was obliged to examine appellant's petition to determine whether he has proved himself to be in poverty.[2] *Selby v. Brown, supra; Davila v. Soto*, 250 Pa. Super. 42, 378 A.2d 443 (1977). Instantly, appellant filed a petition to proceed in forma pauperis and a verified statement which indicated that his sole source of support was a monthly disability payment. On its face, the petition would seem to have presented a prima facie case of impoverishment. *See Thompson v. Garden Court, Inc.*, 277 Pa.Super. 460, 419 A.2d 1238 (1980). Appellee, however, filed an answer denying the averments of appellant's petition. Thus, it was for the lower court to determine the truthfulness of appellant's allegations. *Id.* ("The veracity of appellant's allegations is a matter for the lower court to determine in the first instance"). If, however, the court disbelieved appellant's averments, it was incumbent upon it to hold a hearing on the petition. "If for some reason the lower court suspects the truth of the allegations in the petition, it may set the matter down for a hearing, for to deny the petition summarily, without a hearing, would be improper." *Id.*, 277 Pa.Superior Ct. at 464, 419 A.2d at 1240. *Accord Oppen v. Callahan*, 282 Pa.Super. 282, 422 A.2d 1117 (1980); *Davila v. Soto, supra; Howell v. Howell*, 245 Pa.Super. 483, 369 A.2d 731 (1977); *Gerlitzki v. Feldser*, 226 Pa.Super. 142, 307 A.2d 307 (1973).

We believe that the lower court abused its discretion when it summarily dismissed appellant's petition without

---

**2.** Even if the lower court improperly denied appellant's petition solely on the basis of the verdict in favor of appellant, we may affirm the lower court's order if there is an otherwise valid reason for the denial. *Commonwealth v. Fried*, 327 Pa.Super. 234, 249, 475 A.2d 773, 780 (1984) (an appellate court may affirm the action of a lower court on a different rationale than that advanced by the lower court).

first holding an evidentiary hearing.[3] Therefore, we will remand to the lower court so that such a hearing may be held.

Order reversed and case remanded for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.

**3.** We recognize that oral *argument* was held before the court *en banc.* While argument of counsel may aid a court in many respects, it cannot fully replace an evidentiary hearing when the court is attempting to determine the truthfulness of allegations such as those contained in the instant petition.

We also note that appellant was deposed by his counsel. It is unclear, however, whether counsel for appellee had the opportunity to cross-examine appellant. Therefore, we will not rely upon that deposition to determine the truthfulness of appellant's allegations, especially since that determination should first be made by the lower court. *Thompson v. Garden Court, Inc., supra.*