486 A.2d 419

**Michael GRIFFIN, Appellant,**

**v.**

**Carmen C. TEDESCO and Rose Tedesco Individuals and t/a Cricket Bar and Carmen Joseph Tedesco.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1984.

Filed Dec. 12, 1984.

Allen L. Feingold, Philadelphia, for appellant.

George H. Knoell, III, Norristown, for appellees.

Before McEWEN, DEL SOLE and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Montgomery County denying the appellant's, Michael Griffin's, "Petition To Proceed In Forma Pauperis." We reverse.

The facts, in contrast to the conclusions of law to be drawn therefrom, are not in dispute and consist of the

following: In June of 1975, the appellant filed a complaint against the appellees (Carmen C. Tedesco and Rose Tedesco, individually, and t/a Cricket Bar, and Carmen J. Tedesco) for injuries sustained in an altercation at the appellees' place of business.

A default judgment was entered against the appellees, but thereafter, by agreement of all the parties, was lifted and the matter was placed on the August 1980 trial list. However, for failure on the part of the appellant to comply with appellees' request for discovery, a court order was entered precluding the appellant from introducing the information sought at trial, i.e., the appellant's medical records.

The case proceeded to trial in April of 1982, and, upon the appellees' motion, the court granted a compulsory nonsuit for the appellant's "failure to set forth a cause of action in negligence and/or in intentional tort for assault and battery because of conflicts in [the appellant's] testimony which raised questions of credibility." (Lower Court Opinion at 2)

The appellant filed a timely motion to strike, set aside and vacate the compulsory nonsuit. The matter was set down for argument. Prior thereto, the appellant filed a petition claiming that his "financial condition [rendered him] unable to pay the fees and costs of prosecuting this action, as well as the Notes of Testimony from the trial of this case." In particular, the petition recited that the appellant was employed and took home $860.00 per month. He had no other assets nor did his wife and two children (aged 12 and 18 months) have any other source of income. His debts and obligations were itemized as follows:

Mortgage: None
Rent: $310.00 per month
Loans: Owes mother $700.00, makes payments of $50.00 per month:
Expenses per month: Electric—$95.00
                    Phone—$52.00
                    Transportation—$5.00 a day
                    Health and other Insurance—$27.00
                    Food—$300.00

\*        . \*        \*

The bills outstanding for this incident are Bryn Mawr Hospital, $53.10; Dr. Noone, $75,00; Dr. Rasansky, $555.00, and Dr. Steinberg, $55.00.

The appellant also made mention of money owed to Bryn Mawr Hospital for in-patient treatment received for "a severe cerebral concussion ... and surgery for a torn medial meniscus of his knee." However, no dollar value was affixed for these alleged services. In addition, in the record is reproduced a letter from the court reporter estimating that the cost of transcribing the notes of testimony would be $570.00, the commencement of which would occur only upon receipt of the amount stated and not before.

In conclusion, the appellant pleaded his inability to meet his monthly expenses and still be able to incur the costs of pursuing the suit, and he attached an affidavit in support of his allegations.

The petition was summarily denied and is the subject of the present appeal.

No one questions, nor do we dispute, the finality of the order appealed since the lower court's denial of the appellant's petition prevents him from having the merits of his motion to strike, set aside and vacate the compulsory non-suit addressed. Thus, the appellant is effectively "out of court" because of his claimed inability to provide the costs and fees necessary to pursue the matter below. *Thompson v. Garden Court, Inc.*, 277 Pa.Super. 460, 463 n. 3, 419 A.2d 1238, 1240 n. 3 (1980), citing *Pugar v. Greco*, 483 Pa. 68, 394

A.2d 542 (1978) and *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975).

The issue posed for our review is framed by the appellant as one in which the lower court erred at law and abused its discretion in denying, without a hearing, his petition. We agree.

The lower court takes the position that a review of the appellant's income/expense statement reveals that he is able to pay the cost of litigation, and, therefore, is "not in poverty" so as to afford him access to the avenue of appeal captioned "in forma pauperis". This statement is tenuous at best.

The lower court acknowledges that in Pennsylvania "no person should have right and justice denied or delayed by reason of poverty." 42 Pa.C.S.A. § 1725(a)(1). However, the manner in which it sought to resolve this elemental aspect ("poverty") is at odds with the accepted path charted by the appellate courts of this Commonwealth.

For example, in cases dealing with a litigant's petition to proceed in forma pauperis, we have stated the course to pursue as follows:

> As noted above, appellant's petition alleged that her monthly income was fixed at $277.30, that her expenses exceeded that income, and that her net worth was minimal. These allegations constituted a *prima facie* showing that appellant is impoverished. *See Davila v. Soto,* [250 Pa.Super. 42, 378 A.2d 443 (1977)]; *Gerlitzki v. Feldser,* 226 Pa.Super. 142, 307 A.2d 307 (1973). Of course, we do not decide at this stage whether appellant is in fact impoverished. The veracity of appellant's allegations is a matter for the lower court to determine in the first instance. *Smith v. Smith,* 245 Pa.Super. 479, 369 A.2d 729 (1977); *Tomashefski v. Tomashefski,* 246 Pa.Super. 118, 369 A.2d 839 (1976); *Schoepple v. Schoepple,* 239 Pa.Super. 557, 361 A.2d 665 (1976) (plurality opinion). If for some reason the lower court suspects the truth of the allegations in the petition, it may set the matter down for a hearing, for to deny the petition summarily, without

a hearing, would be improper. *Davila v. Soto* [250 Pa.Super. 42, 378 A.2d 443 (1977)], *supra; Howell v. Howell*, 245 Pa.Super. 483, 369 A.2d 731 (1977).

*Thompson v. Garden Court, Inc., supra,* 277 Pa.Super. at 464, 419 A.2d at 1240. *Cf. Gerlitzki v. Feldser*, 226 Pa.Super. 142, 145, 307 A.2d 307, 308 (1973) ("If for some reason the lower court suspected the truth of the allegations in the petition [to proceed in forma pauperis], it could, 'after due notice to the other party', Act of June 16, 1836, [P.L. 202, No. 53, § 2(a)[149], effective June 27, 1980)], conduct a hearing. Since the lower court chose to proceed without a hearing it had no power summarily to disbelieve and so deny the petition.").

Instantly, the lower court dispensed with the need for a hearing on the petition because it found there was "no reason ... to suspect its truth."

It will be recalled that the appellant's income/expense statement, the content of which was sworn to as accurate by affidavit attached thereto, included monies owed to Bryn Mawr Hospital and three doctors totalling $738.10. Although the lower court in the initial portion of its opinion to this Court stated that it did not question the truthfulness of the petition's content, this statement was contravened later on when it stated:

In denying the petition, the Court properly discounted the petitioner's medical bills which he contends arose out of the incident in question. These expenses, for hospitalization at Bryn Mawr Hospital and for treatment by three physicians were part of plaintiff's damage claim. Since damages were not proven at trial and taking the evidence in the light most favorable to the verdict winner, the hospital and doctors' fees were not established with certainty. Even if negligence of the defendant is established, plaintiff still has the burden of proving that this negligence was the proximate cause of injury or damage. *Surgent v. Stein*, [280 Pa.Super. 142, 421 A.2d 445

(1980) ]. As such, the medical expenses have no priority over court costs.

(Lower Court Opinion at 4)

■ Thus, the lower court's admitted disbelief (as evidenced by its "discounting") of appellant's claimed medical expenses, *the effect of which exculpated the appellant from the jaws of impoverishment,* warranted a hearing to resolve the discrepancy. *See Thompson v. Garden, Inc., supra,* and compare with *Davila v. Soto,* 250 Pa.Super. 42, 378 A.2d 443 (1977); *Nicholson v. Nicholson,* 247 Pa.Super. 172, 371 A.2d 1383 (1977); *Tomashefski v. Tomashefski,* 246 Pa.Super. 118, 369 A.2d 839 (1976). Stated otherwise, since the supposed impossibility of ultimate recovery by the appellant for the medical expenses incurred because of the alleged negligence of the appellees is still an open question to be decided in the context of the appellant's motion to strike, set aside and vacate the compulsory nonsuit entered against him, *the resolution of which appears to be intertwined with the appellant's ability to secure the transcripts in the case,* the lower court, in effect, has ruled upon the merits of the appellant's post-verdict motion *without the benefit* of argument from either side on the matter. We believe this to be presumptuous, as well as an erroneous practice, on the part of the lower court. *See generally Schoepple v. Schoepple,* 239 Pa.Super. 557, 561, 361 A.2d 665, 668 (1976).

The result reached is in no way altered by the appellees' argument that the appellant's counsel's failure to file an affidavit certifying that "he is providing free legal services to the party", as called for by Pa.R.Civ.P. 240(d)(1)(i) (effective April 1, 1983), is "reason alone" to dismiss the appeal.

Rule 240 provides the mechanism by which a party to a suit can avail himself/herself of the right to have his/her dispute judicially resolved where he/she "is without financial resources to pay the costs of litigation...." Pa.R. Civ.P. 240(b).

■ In the case at bar, save for the certification of "free legal services" by counsel, the appellant's petition comports

*in all respects* with the form affidavit prescribed in subdivision (h) of Rule 240. Thus, to deny the appellant the opportunity to proceed in forma pauperis because of this procedural defect would be contra the established law in this Commonwealth not to place form over substance. This subject has been amply covered by our Supreme Court in *Pomerantz v. Goldstein*, 479 Pa. 175, 178, 387 A.2d 1280, 1281 (1978):

> It has been our policy to overlook ... procedural errors when a party has substantially complied with the requirements of the rule and no prejudice would result. "Procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives." *McKay v. Beatty*, 348 Pa. 286–87, 35 A.2d 264, 265 (1944). *See also Chiara Estate*, 467 Pa. 586, 593–94, 359 A.2d 756, 760–61 (1976). The Superior Court has succinctly stated the principle: "The niceties of procedure and pleading make fine intelligence games for lawyers but should never be used to deny ultimate justice. This is the reason for our modern approach to rules of civil procedure." *Godina v. Oswald*, 206 Pa.Super. 51, 55, 211 A.2d 91, 93 (1965).

Nowhere do the appellees assert how they have been prejudiced by the absence of counsel's certification of free legal services to the appellant. Moreover, we believe that this matter is more appropriately left in the first instance with the court below, inasmuch as any doubts it may harbor ("suspecting the truth of the petition to proceed in forma pauperis") can be delved into and resolved at a hearing. *See Thompson v. Garden Court, Inc., supra.* Such a proceeding, of necessity, can encompass the topic of the manner and method by which legal services are being defrayed, if at all. Therefore, the deletion of the attorney's certification under Rule 240 cannot and should not be a ground to dismiss summarily a litigant's petition to proceed in forma pauperis. *See generally Pomerantz v. Goldstein, supra; cf. Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948).

Accordingly, finding that the court below abused its discretion when viewed under applicable case law, we reverse and remand for a hearing to determine whether the appellant is entitled to proceed in forma pauperis.[1]

Jurisdiction is not retained.

1. We cannot help but note that, setting aside the cost owed to the hospital and the doctors, $839.00 of the appellant's $860.00 monthly income would be absorbed by recurring expenses. This would leave the Griffin household $21.00 in spendable income, and, supposedly, would be the revenue from which the expense of litigation would be defrayed.

In particular, since we have no tabulation as to the incidental cost in filing fees associated with the instant action, we are limited in our purview to the $570.00 called for by the court reporter to transcribe the notes of testimony. Simple arithmetic reveals that the appellant would have to save for over two (2) years (27 months) to accumulate sufficient funds to pay the court reporter his requested lump sum payment prior to transcription of the notes.

Even assuming, for the sake of argument, that the $700.00 debt owed appellant's mother and paid in $50.00 monthly installments was paid, it would have required the appellant to save for eight (8) months to secure sufficient capital to pay the court stenographer. In either instance, we believe the delay to be intolerable. *Cf. Schoepple v. Schoepple, supra.* Therefore, the reason for the conducting of a hearing is even more paramount in the situation that existed instantly, regardless of whether it was to resolve the matter under Pa.R.Civ.P. 240 or 42 Pa.C.S.A. § 1725(a)(1).