666 A.2d 737

### CROSBY SQUARE APARTMENTS

v.

### Bernice HENSON, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 5, 1995.

Filed Oct. 24, 1995.

---

1. Because of our disposition of this issue, we need not address appellant's other contentions.

Natalie M. Habert, Media, for appellant.

Robert C. Keller, Media, for appellee.

Before TAMILIA, FORD ELLIOTT and HESTER, JJ.

HESTER, Judge:

██ Bernice Henson appeals the March 30, 1995 order denying her petition to proceed in this action in forma pauperis [1] in the trial court. [2] We are constrained to reverse and remand for a hearing.

Appellee, Crosby Square Apartments, instituted this action in ejectment for nonpayment of rent. Appellant is a tenant in appellee's government-subsidized low income housing. On February 14, 1995, a board of arbitrators, with one dissent, awarded appellee possession of the premises and $2,369.80. The dissenter would have awarded appellant possession and $5,449.80.

Appellant appealed and also filed an application for leave to proceed in forma pauperis. In the application, on a form provided by the court system, appellant averred that her only

1. An order denying a petition to proceed in forma pauperis is a final, appealable order since the appellant is effectively out of court due to the claimed inability to provide costs and fees necessary to pursue the action in the trial court. *Conover v. Mikosky*, 415 Pa.Super. 348, 609 A.2d 558 (1992); *Griffin v. Tedesco*, 336 Pa.Super. 586, 486 A.2d 419 (1984). Thus, this appeal properly is before us.

2. Appellant was granted the right to appeal to us in forma pauperis.

source of income is her $1,425.00 a month gross salary from the City of Chester. She averred specifically that she cannot, due to her financial condition, pay the fees and costs of defending this action. She has no other assets.

Appellant completed the only question on the form regarding expenses as follows:

(f) Debts and obligations
Mortgage: None.
Rent: $375.00 per month.
Loans: None
Other: $180.00 monthly electric bill.

In the application, appellant indicated that she has four minor dependents, three children and one grandchild. Counsel is representing appellant pro bono. The trial court denied the application on March 30, 1995, and this appeal followed.

In its opinion in support of the order, the trial court indicates that it denied the petition since the application indicates that appellant has a monthly income of $1,425 and monthly expenses of $555, giving her a "surplus of income over expenses of" $870. Trial court opinion, 5/25/95, at 1. The trial court also indicates that she should have amended her petition if she contested its determination regarding the amount of her surplus income. Finally, it notes that since it credited her income and expense figures, there was no need to conduct a hearing.[3]

Appellant presents a two-fold argument on appeal. She alleges that the trial court erred in concluding that she had surplus income of $870 a month since her application indicates that her gross income, before taxes, was $1,425 and since it is axiomatic that she has significant food and clothing expenses for herself and her four dependents. She asserts that it was not necessary to place obvious living expenses on the form. She also contends that since she specifically averred in the

3. The court does not indicate that it dismissed the action under Pa. R.C.P. 240(j), which deals with false allegation of poverty and dismissal of frivolous actions.

application that she did not have enough income to pay costs, the trial court should have awarded a hearing if it disbelieved that averment.

In this Commonwealth, "no person should have right and justice denied or delayed by reason of poverty." 42 Pa.C.S. § 1725(a)(1). Thus, "A party who is without financial resources to pay the costs of litigation is entitled to proceed in forma pauperis." Pa.R.C.P. 240(b).

In reviewing a trial court's resolution of an application to proceed in forma pauperis, we reverse only if the court abused its discretion or committed an error of law. *In re Adoption of B.G.S.*, 418 Pa.Super. 588, 614 A.2d 1161 (1992). Nonetheless, if a trial court disbelieves the averments in an application to proceed in forma pauperis, it is required to hold a hearing on the application to determine the veracity of the allegations contained therein. *Griffin v. Tedesco*, 336 Pa.Super. 586, 486 A.2d 419 (1984).

In the present case, the trial court posits that it did not disbelieve the averments in the application since it credited her income and expense figures. However, this is not technically correct. In paragraph one of her application, appellant averred specifically that she did not have the resources to pay costs. This averment was disbelieved by the trial court.

We also agree with appellant's position that the trial court ignored the realities of life when it concluded that she had "surplus income" of $870 a month according to her application. According to her application, she also had four minor dependents. The form itself gives two lines for listing one's expenses other than loans, mortgages, and rent. Appellant was more than reasonable in assuming that a court, in deciding such an application, would be aware of the ordinary expenses attendant on everyday life. Appellant works, and she needs money for clothing, lunch, and transportation. She has food and clothing costs for her dependents. Taxes are one of the two unavoidable conditions of life. Further, the record, on its face, establishes that she qualifies for federally-subsidized housing.

■■■ The trial court has considerable discretion in deciding whether a person is indigent. *Sellers v. Sellers,* 293 Pa.Super. 265, 438 A.2d 986 (1981). However, in making that determination, the trial court must focus on whether the person can afford to pay and cannot reject the allegations contained in an application without conducting a hearing. *Id.* If some allegations in the application are accepted but others arc rejected, a hearing nonetheless is required. *Griffin v. Tedesco, supra.*

Herein, the application, on its face, contains an allegation of inability to pay court costs, and there were sufficient factual allegations in the application, viewed in light of realities, to establish a prima facie case of poverty. Appellant should be afforded a hearing to substantiate that she has food and clothing and other costs which would reduce her "surplus" income enough to allow her to proceed in forma pauperis. *Koziatek v. Marquett,* 335 Pa.Super. 482, 484 A.2d 806 (1984) (where application pled indigency and showed applicant's sole income source was a disability payment, prima facie case of poverty established and hearing required).

Order reversed. Case remanded for a hearing as to appellant's inability to pay court costs. Jurisdiction relinquished.