IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vamsidhar R. Vurimindi,           :
                    Appellant     :
                                  :
        v.                        :
                                  :   No. 100 C.D. 2018
Philadelphia District Attorney's Office  :   Submitted: October 26, 2018


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                        FILED: January 3, 2019


        Vamsidhar R. Vurimindi (Appellant) appeals the December 19, 2017 order of the Court of Common Pleas of Philadelphia County (trial court) that denied Appellant's Petition to Proceed *In Forma Pauperis* (IFP Petition) regarding an appeal to the trial court of the denial of a request for records Appellant made to the Philadelphia District Attorney's Office (DAO) pursuant to Pennsylvania's Right-to-Know Law.[1]  For the reasons that follow, we vacate the trial court's order and remand.

        On September 1, 2017, Appellant submitted a Right-to-Know Law request to the DAO's Open Records Officer seeking information on certain DAO policies, procedures, practices, and regulations in effect from 2009 through 2017. On October 11, 2017, the DAO granted the request and informed Appellant that costs associated with producing certified copies of the available records totaled $16.75.  By letter dated October 23, 2017, Appellant claimed he was an indigent

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

prisoner and requested that the DAO waive the copying/certification fee. The DAO denied Appellant's fee waiver request by letter dated November 8, 2017.

Appellant appealed to the Pennsylvania Office of Open Records (OOR) raising substantive claims and a claim that he should be exempt from the standard fees for record copying and certification. The OOR denied Appellant's appeal in part and dismissed the appeal in part by a final determination mailed November 27, 2017.[2]

On December 14, 2017, Appellant appealed the matter to the trial court together with his IFP Petition. On December 19, 2017, the trial court issued an order denying Appellant's IFP Petition due to Appellant's "failure to demonstrate a lack of financial resources to pay the costs of litigation." Trial Court Order dated December 19, 2017. Appellant now appeals to this Court.[3]

"A party who is without financial resources to pay the costs of litigation is entitled to proceed *in forma pauperis*." Pa.R.C.P. No. 240(b).

> The trial court has considerable discretion in deciding whether a person is indigent. However, in making that determination, the trial court must focus on whether the person can afford to pay and cannot reject the allegations contained in an application without conducting a hearing. If some allegations in the application are accepted but others are rejected, a hearing nonetheless is required.

---

[2] At the same time he appealed to the OOR, Appellant also sent an appeal to the DAO's appeals officer, who also denied Appellant's appeal by a final determination issued November 30, 2017.

[3] "In reviewing a trial court's resolution of an application to proceed *in forma pauperis,* [appellate courts] reverse only if the [trial] court abused its discretion or committed an error of law." *Commonwealth v. Lepre*, 18 A.3d 1225, 1226 (Pa. Super. 2011). "An abuse of discretion is not merely an error in judgment but requires a finding of bias, partiality, prejudice, ill will, manifest unreasonableness, or misapplication of law." *Id.* at 1226–27.

2

*Crosby Square Apartments v. Henson*, 666 A.2d 737, 739 (Pa. Super. 1995) (internal citations omitted). Thus, where a petition alleges (1) a *prima facie* case of poverty, and (2) a specific averment of an inability to pay fees and costs, the trial court must conduct a hearing before denying *in forma pauperis* status. *Id.* at 738-39; *see also Lepre*, 18 A.3d at 1227. Further, despite its considerable discretion, "if a trial court disbelieves the averments in an application to proceed *in forma pauperis*, it is required to hold a hearing on the application to determine the veracity of the allegations contained therein." *Crosby Square*, 666 A.2d at 738; *see also Amrhein v. Amrhein*, 903 A.2d 17, 24 (Pa. Super. 2006) (hearing required where trial court disbelieves averments of *in forma pauperis* petition); *In re Adoption of B.G.S.*, 614 A.2d 1161, 1171 (Pa. Super. 1992) ("If the trial court disbelieves the petitioner's averments it is incumbent upon the trial court to hold an evidentiary hearing.").

Here, Appellant's IFP Petition averred that, although he had no monthly expenses, as an inmate in a state correctional institution, he was completely without income. *See* IFP Petition & Pa.R.C.P. No. 240 Affidavit. Further, Appellant alleged multiple times that he was unable to pay the costs of these proceedings or to otherwise obtain adequate funds to cover the costs of the litigation from family or friends. *Id.*

The trial court credited Appellant's income and expense figures, but did not believe his averment that he lacked funds to pay the costs of litigation. *See* Trial Court Opinion dated February 2, 2018 (Trial Court Opinion) at 3-4 (pagination supplied). Ultimately, the trial court denied the IFP Petition based on his expenses and net worth, noting:

> the [trial] court found that an individual who incurs no
> monthly expenses and has a net worth of over

$700,000.00,[4] cannot be found unable to obtain the necessities of life, and thus the court cannot find him indigent.

Trial Court Opinion at 4.[5]  Implicit in this statement and the trial court's denial of the IFP Petition is the fact that the trial court credited certain averments contained in the IFP Petition – namely Appellant's income, expenses, and assets – while disbelieving other averments – specifically, that Appellant lacked funds to support the litigation.  These circumstances required the trial court to hold a hearing to determine the veracity of the allegations of the IFP Petition, which hearing it did not conduct.  *See Crosby Square*, 666 A.2d at 739 ("If some allegations in the application are accepted but others are rejected, a hearing nonetheless is required.").  The trial court erred by denying the IFP Petition without conducting such a hearing.  Accordingly, we vacate the trial court order and remand for a hearing to determine Appellant's current entitlement to *in forma pauperis* status.[6]

---

[4] The trial court based its estimation of Appellant's net worth on the IFP Petition's averment that Petitioner owns two unencumbered properties valued at a collective $700,000.00 and a vehicle worth $5,000.00.  *See* Trial Court Opinion at 3; IFP Petition.

[5] The trial court also noted in its opinion Appellant's pre-incarceration income of $12,000.00, which ended in 2012.  Trial Court Opinion at 2.

[6] We note that the DAO does not oppose a remand to allow the trial court to conduct an *in forma pauperis* hearing.  DAO Brief at 4 & 6.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vamsidhar R. Vurimindi,       :
          Appellant      :
                     :
       v.               :
                     :    No. 100 C.D. 2018
Philadelphia District Attorney's Office   :

PER CURIAM

O R D E R

AND NOW, this 3rd day of January, 2019, the December 19, 2017 order of the Court of Common Pleas of Philadelphia County is VACATED. The case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.