J. A17039/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| UNITED WHOLESALE MORTGAGE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KELLY DUTTON, | : | No. 3282 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered October 18, 2018,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 180503355

BEFORE:  PANELLA, P.J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED SEPTEMBER 25, 2019**

Kelly Dutton appeals **pro se** from the October 18, 2018 order entered by the Court of Common Pleas of Philadelphia County denying his motion to proceed **in forma pauperis**.  After careful review, we affirm.

The trial court set forth the following factual and procedural history:

> [United Wholesale Mortgage] commenced this action against [appellant] by complaint.  [Appellant] filed preliminary objections in conjunction with a petition to proceed **in forma pauperis** ("IFP petition"), which was assigned to [the trial] court.  As is permitted under Pa.R.C[iv].P. 240(c), the [trial] court reviewed the IFP petition to determine whether [appellant] was without financial resources to pay the costs of litigation.
>
> In the "average monthly expenses" section of the IFP petition, the only expense listed was $1,100.00 for housing.  [Appellant's] current employment was listed as "health aid[e]" with a monthly income of $1,300.00.  [Appellant] also acknowledged having

equity in four properties located in Philadelphia. By order dated September 27, 2018[,] the [trial] court denied [appellant's] IFP petition for failure to demonstrate a lack of financial resources to pay the costs of litigation and required [appellant] to pay the requisite filing fees within twenty days of the docketing of the order.[Footnote 2]

> [Footnote 2] The [trial] court found the statements contained in the IFP petition credible, but did not find that such averments warranted a finding of poverty. To that end, the [trial] court did not conduct an evidentiary hearing.

[Appellant] failed to pay the requisite filing fees and instead filed a second IFP petition on October 16, 2018. This second IFP petition identified [appellant's] monthly expenses as $100.00 for housing, $100.00 for food, and $2,000.00 for "bankruptcy monthly payment."[Footnote 3] The second IFP petition again listed [appellant's] current employment as "health aid[e]" with a monthly income of $1,300.00, but it also listed "$1,000 in rental income." Lastly, in the "property owned" section, [appellant] listed $130,000.00 cash and the same four properties in Philadelphia. The [trial] court denied this IFP petition as well, by order dated October 18, 2018, pursuant to the [trial] court's previous order denying [appellant's] IFP petition.

> [Footnote 3] There is no suggestion of bankruptcy on the docket and no indication, other than his statement, that [appellant] has declared bankruptcy.

[Appellant] subsequently filed a motion for reconsideration of the [trial] court's October 18, 2018 order. . . .

. . . .

By order dated October 25, 2018[,] the [trial] court denied the motion for reconsideration. This appeal followed.

Trial court opinion, 12/11/18 at 1-2 (extraneous capitalization, Footnote 1, and citation omitted).

The trial court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 11, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review: "When the [trial] court denied appellant [sic] [IFP petition], were appellant [sic] rights violated?" (Appellant's brief at 2.)

We will reverse a trial court's disposition of an IFP petition only upon a finding that the trial court abused its discretion. *Crosby Square Apartments v. Henson*, 666 A.2d 737, 738 (Pa.Super. 1995), citing *In re Adoption of B.G.S.*, 614 A.2d 1161 (Pa.Super. 1992). Further, "if a trial court disbelieves the averments in [a petition] to proceed *in forma pauperis*, it is required to hold a hearing on the [petition] to determine the veracity of the allegations contained therein." *Crosby Square Apartments*, 666 A.2d at 738, citing *Griffin v. Tedesco*, 486 A.2d 419 (Pa.Super. 1984).

Appellant argues that the trial court erred because it did not consider that appellant had bankruptcy proceedings pending when he filed his

J. A17039/19

IFP petitions. (*Id.* at 3-4.) Appellant also contends that the trial court erred when it refused to hold an evidentiary hearing.

Our review of the record supports the trial court's conclusion that there is no indication that appellant has declared bankruptcy, nor is there any reference to any bankruptcy proceedings pending within the certified record. (**See** trial court opinion, 12/11/18 at 2 n.3.) The trial court also found the statements in appellant's petition to be credible, thus precluding the need for an evidentiary hearing. (*Id.* at 2 n.2.)

Based on the record before us, we can discern no abuse of discretion on the part of the trial court. We, therefore, affirm the trial court's order denying appellant's IFP petition. We do so, however, without prejudice to appellant to present further information to the trial court pertaining to any bankruptcy proceedings with which he may be involved, particularly as it would relate to any interest he may have in the properties listed in his IFP petition. Clearly, on its face, the IFP petition presented to the trial court would warrant denial.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/19

- 4 -