

Gerlitzki *v.* Feldser et ux., Appellants.

Argued March 19, 1973. Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and
SPAETH, JJ.

*H. Joseph Flynn,* for appellants.

No oral argument was made nor brief submitted
for appellees.

OPINION BY SPAETH, J., June 14, 1973:
Appellants seek a reversal of the lower court's deci-
sion denying their petition to appeal in forma pauperis.
Appellees brought suit for back rent against appel-
lants, who then counterclaimed for their expenses for
repairs to the rented property. The case went to arbi-
tration, and the arbitrators awarded $455 to appellees

and $174.80 to appellants on the counterclaim. Appellants then petitioned to be allowed to appeal in forma pauperis, alleging their total income was $430 a month in public assistance. They showed assets of $3,040 including a station wagon, a truck, and a television set and debts amounting to $2,643, leaving a net worth of $397. The lower court denied their petition without a hearing.

The Act of June 16, 1836, P. L. 715, §28, 5 P.S. §72, provides that "it shall be lawful" to grant a petition for leave to appeal in forma pauperis if upon affidavit it appears that petitioners "by reason of poverty [are] unable to pay the costs of the suit." The only issue is whether petitioners are not "unable to pay the costs" because they "regularly" make installment payments on "a station wagon, a truck, and a television set".

As a matter of fact: If petitioners refuse to make the installment payments, the station wagon, truck, and television set will be repossessed. That will not make petitioners any more able to pay the costs. Presumably the installment payments are required by legally enforcible sales agreements. Petitioners cannot escape the agreements simply by submitting to repossession. Even if they could, it does not follow that they would then be able to pay the costs, since their only income, so far as appears from the petition, is public assistance benefits of $430 a month.

As a matter of law: The question put by the Act of June 16, 1836, *supra,* is not whether petitioners are unable to pay the costs but whether they are in poverty. If they are in poverty, it follows that they are unable to pay the costs, and their petition should be granted. The Act, moreover, is to be read not with an accountant's but a housewife's eyes. "Poverty" does not refer solely to a petitioner's "net worth" but to whether he is able to obtain the necessities of life. Where, as here,

petitioners allege that they have no income except public assistance benefits, and that their net worth is minimal, it appears *prima facie* that they are in poverty.

If for some reason the lower court suspected the truth of the allegations in the petition, it could, "after due notice to the other party", Act of June 16, 1836, *supra,* conduct a hearing. Since the lower court chose to proceed without a hearing it had no power summarily to disbelieve and so deny the petition.

The order of the lower court is reversed.

---

DISSENTING OPINION BY JACOBS, J.:

In this appeal the Court is faced with the question of whether the lower court abused its discretion in denying appellants' petition to appeal in forma pauperis from an adverse arbitration award. I would hold that there was no abuse.

This case originated from a landlord-tenant dispute between Joseph and Gloria Gerlitzki, the appellees, and Sidney S. and Betty Feldser, the appellants. The Gerlitzkis, the landlords, brought suit for back rent against the Feldsers, the tenants, who then counterclaimed their expenses in repairing the rented property. At first, the case was listed for jury trial since possession was an issue. But after the Feldsers moved from the premises, counsel agreed to submit the case to arbitration. The arbitrators awarded $455.00 to the Gerlitzkis and $174.80 to the Feldsers on the counterclaim; the net award in favor of the Gerlitzkis being $280.20. The Feldsers filed a petition to appeal this award in forma pauperis, which was denied by the lower court without a hearing.

Section 28 of the Act of June 16, 1836, P. L. 715, 5 P.S. §72, grants the right to appeal an arbitration award in forma pauperis to those who are unable to pay the costs of such appeal by reason of poverty. Before

permitting the appeal without payment of costs, the lower court must be satisfied that petitioner is, in fact, too poor to pay the costs. The following guidelines as to what constitutes poverty appears in 11 Standard Pennsylvania Practice 647 (1964): "A party having property of value will not be allowed to take an appeal in forma pauperis, unless he can show that it is encumbered beyond its full value." Furthermore, the court is vested with considerable discretion in examining the petition so that unworthy persons who are not indigent may not enjoy the privilege of appealing without payment of costs. *Rowley v. Vaughan*, 24 Beaver 14 (1962).

In their petition the appellants allege assets totaling $3,040.00, including a station wagon, a truck, and a television set. They show debts amounting to $2,643.00 leaving a net worth of $397.00. They also receive $430.00 a month in public assistance from which the indebtedness is regularly reduced. Under these circumstances I do not believe it can be said that the lower court abused its discretion.

Consequently, the order should be affirmed.

WRIGHT, P. J., and WATKINS, J., join in this dissenting opinion.