## Becker v. Becker

*Donald S. Marritz,* of Legal Services, Inc., for plaintiff.

*H. Thomas Pyle,* for Adams County.

MacPHAIL, *P.J.,* August 11, 1975—This case presents for our determination the issue of whether plaintiff should be permitted to proceed in her divorce

action under the provisions of Pa. R.C.P. 1137. Since the promulgation of the rule under the mandate of Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed 2d 113 (1971), we have been deciding the issue of eligibility on a case by case basis after notice to the county and to the defendant.

In this case, the county has appeared and objected to the granting of relief to plaintiff from payment of costs of the action. (Plaintiff has agreed to pay $20 on account of the costs.) From the averments in the petition and plaintiff's testimony at the hearing on the petition, we make the following:

## FINDINGS OF FACT

1. Plaintiff is a 22-year-old female employed as a secretary, where she takes home $142 bi-weekly.

2. Prior to moving to Gettysburg, plaintiff was employed as a secretary in the Lancaster area earning $119 every week.

3. Plaintiff, at the time of the hearing, received public welfare benefits of $73.80 bi-weekly and has a "medical card."

4. Plaintiff owns a 1974 Capri automobile, the cost of which was $3900 and against which there is a present indebtedness of $2200. She also owns household furniture, including a washer and dryer and an RCA color T.V., both of which are paid for.

5. Plaintiff supports herself and her three-and-a-half-year-old son.

6. Plaintiff has listed monthly expenses of $486, including her car payment of $88 per month, a clothing expenditure of $25 per month and transportation of $30 per month (see other items set forth in paragraph 11 of petition).

Pa. R.C.P. 1137 is entitled "Proceedings by Indigent Parties." The term "indigent" is nowhere defined in the rule, but the content of the rule refers to an averment which must be included in the petition showing on the part of petitioner "his inability to pay all or part of the costs of the action." There is in our opinion a real difference between an indigent person and a person who is presently unable to pay all or part of the costs of a court proceeding. However, we recognize that it is possible that the Supreme Court intended to define an indigent person for the purpose of the rule as one who is unable to pay all or part of the costs. It must be observed that the language in Rule 1137 differs from that used in the Act of June 16, 1836, P. L. 715, 5 PS §72, where it is provided that the court may grant leave to litigants to appeal in forma pauperis if petitioners "by reason of poverty" are unable to pay the costs of suit. In Gerlitzki v. Feldser, 226 Pa. Superior Ct. 142, 307 A. 2d 307 (1973), the Pennsylvania Superior Court, in a 4-3 opinion, held that the legal question to be determined by the trial court under the Act of 1836, supra, is not whether petitioners are unable to pay costs, but whether they are in poverty.

We do not believe that plaintiff here can be said to be either in poverty or an indigent person as that term is normally understood. However, by simple mathematical calculations, it does appear that, if she maintains her present standard of living, plaintiff cannot afford to pay the costs of this proceeding.

Divorce proceedings instituted under Pa. R.C.P. 1137 have brought an avalanche of litigation into this court. Statistics indicate that the number of divorce complaints filed and decrees entered this year exceeds those of last year by 30 to 50 percent. While we would

not knowingly deny anyone the right to a divorce for financial inability to pay, we do not think that the privilege afforded by Pa. R.C.P. 1137 was intended to accommodate persons with the financial status of the plaintiff here. In our opinion, persons operating a modern motor vehicle and possessing all of the appliances usually attributable to "modern convenience" living fail to demonstrate the inability to pay the costs of a divorce action. We cannot believe that the rule intends that we simply total petitioner's income and compare it with her expenses and, by this mathematical calculation, determine that she is unable to pay. If that is the intent of the rule, there will be few litigants who will not qualify to proceed under its provisions. We think a more reasonable approach is for the trial court to consider all of the circumstances relating to plaintiff, including her assets, the specific nature thereof, her monthly expenses and the specific nature thereof and her standard of living. We have done that in the case before us and we now conclude that plaintiff-petitioner does not qualify as a person whom the rule was intended to benefit. We recognize a certain similarity of the facts in this case with those in the Gerlitzki case, supra, but we believe there is a significant difference between the issue to which the Superior Court addressed itself under the Act of 1836, supra, and the one to which we have addressed ourselves under the provisions of Pa. R.C.P. 1137.

## ORDER

And now, August 11, 1975, the petition of Martha K. Becker to proceed as an indigent person under the provisions of Pa. R.C.P. 1137 is hereby denied.