J-A04019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALLEN FEINGOLD, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH AVERSA | : | No. 2292 EDA 2018 |

Appeal from the Order Entered, July 16, 2018,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  July Term, 2018 No. 1527.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and COLINS, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 18, 2019**

Allen Feingold ("Feingold") appeals from the order dismissing his complaint as frivolous pursuant to Pa.R.C.P. 240(j)(1).  We affirm.

On July 16, 2018, Feingold, a former attorney who was disbarred in 2008, filed a motion to proceed *in forma pauperis* ("IFP"), along with a complaint against Joseph Aversa ("Aversa").  In the complaint, Feingold averred that "[f]or many years," he had represented Murat Gokalp in Gokalp's lawsuit for injuries and damages arising from a 1995 motor vehicle collision. Complaint, 7/16/18, at ¶ 3.  According to Feingold, although he later withdrew as counsel, the trial court entered an order on March 3, 1995, providing that "any monies received on or from that case be placed in an interest bearing escrow account, not to be distributed until an appropriate hearing regarding the fees and costs due to" Feingold.  *Id.* at ¶ 7.

Feingold further averred that, "[i]n or around August of 1995," Gokalp's lawsuit "was settled by Gokalp and his new counsel, [Aversa,] by accepting one of the offers in settlement made and obtained by the work, actions and costs expended by [Feingold] when and while he represented" Gokalp. Complaint, 7/16/18, at ¶ 11. According to Feingold, "[i]nstead of following and complying with the Court Order entered on the record by Judge Maier on March 3, 1995, [Aversa] intentionally distributed the settlement monies and funds that were obtained from the above Court Case and Law Suit [sic] referred to in that Court Order, and in total violation of same." *Id.* at ¶ 13.

Based on the above, Feingold filed a seven-count complaint in which he alleged fraud, negligent misrepresentation, breach of contract, conversion, civil conspiracy, abuse of process, and intentional infliction of emotional distress. In an order entered July 17, 2018, the trial court denied Feingold's IFP motion, and dismissed Feingold's complaint as frivolous pursuant to Rule 240(j)(1). This timely appeal followed. The trial court did not require Pa.R.A.P. 1925 compliance.

Feingold raises the following issues:

1. Whether the trial court erred in dismissing Feingold's petition for IFP status?

2. Whether the trial court abused its discretion and erred as a matter of law in dismissing Feingold's complaint as frivolous?

*See* Feingold's Brief at 3.

- 2 -

"Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." ***Bell v. Mayview State Hospital***, 853 A.2d 1058, 1060 (Pa. Super. 2004).

Rule 240(j)(1) of the Pennsylvania Rule of Civil Procedure provides:

**Rule 240.  In Forma Pauperis**

\*\*\*

(j)(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1).

In support of his first issue, Feingold argues:

The trial court erred in dismissing [Feingold's] petition for IFP status.  The trial court improperly considered [Feingold's] ownership of a small, heavily mortgage[d] condo in evaluating [his] ability to pay the fees and costs of litigation.  In so holding, the trial court contravened the contrary findings of coordinate jurists and ignored [Feingold's] ability to support his other fixed obligations and to acquire the necessities of life.

The trial court erred in refusing to undertake consideration of the frivolity of [Feingold's] complaint prior to acting upon his petition for IFP status.  Instead the trial court purported to dismiss the complaint as frivolous after it had already denied the IFP petition.  Once IFP status was denied, however, the trial court no longer possessed

jurisdiction under Pa.R.Civ.P. [sic] 240 to sua sponte consider whether the complaint was frivolous.

Feingold's Brief at 7.

We first reject Feingold's claim regarding jurisdiction. His use of semantics—challenging the order of the precise wording of the trial court's order—does not entitle him to relief. Our reading of cases involving Rule 240(j) reveals that a plaintiff's IFP request and frivolity assessment are often made simultaneously. *See e.g.*, *Conover v. Mikosky*, 609 A.2d 558 (Pa. Super. 1992); *Bell*, *supra*. Indeed, the rule itself allows the court to make these determinations together.

Although Feingold cites to *Ocasio v. Prison Health Services*. 979 A.2d 352 (Pa. Super. 2009), in which the trial court reviewed the complaint and found it to be frivolous and then denied the IFP petition, the *Ocasio* decision nowhere suggestions that making these determinations in reverse order, divests the trial court of jurisdiction. *See* Feingold's Brief at 8. Here, the trial court, in the same order, found both that Feingold was not entitled to IFP status and that his complaint was frivolous. We discern no abuse of discretion or error of law procedurally.

In addition, we reject Feingold's claim that the trial court abused its discretion or erred in concluding that Feingold was not entitled to IFP status.

Pennsylvania Rule of Civil Procedure 240(b) states, "A party who is without financial resources to pay the costs of litigation is entitled to proceed *in forma pauperis*." Pa.R.C.P. 240(b). Rule 240 does not define "without

financial resources to pay the costs of litigation. Case law holds, however, that the issue before the trial court is "not whether petitioners are unable to pay the costs, but whether they are in poverty. If they are in poverty, it follows that they are unable to pay the costs, and their petition should be granted." *Gerlitzki v. Feldser*, 307 A.2d 307, 308 (Pa. Super. 1973). The analysis of what constitutes poverty "does not refer solely to a petitioner's 'net worth' but to whether he is able to obtain the necessities of life." *Id.*

In reviewing a trial court's resolution of an application to proceed IFP, this Court will reverse only if the trial court abused its discretion or committed an error of law. *Crosby Square Apartments v. Henson*, 666 A.2d 737, 738 (Pa. Super. 1995). We will defer to the trial court regarding questions about the veracity of averments in IFP petitions. *In re Adoption of B.G.S.*, 614 A.2d 1161, 1171 (Pa. Super. 1992). This is so because "there must be considerable discretion vested in the lower courts so that persons who are not in poverty may not enjoy the privilege of appeal . . . without payment of costs." *Davila v. Soto*, 378 A.2d 443, 444 (Pa. 1977).

Here, the trial court concluded that Feingold failed to demonstrate a lack of financial resources to pay the costs of litigation. The court explained:

> [Feingold] previously filed an IFP Petition with this court on January 17, 2018. After a hearing, this court denied the IFP Petition. The IFP Petition [Feingold] submitted in this case represented no change in [Feingold's] ability to pay the costs of litigation. [Feingold] indicated he receives $2,153.00 per month in social security benefits, which equates to $30,156 per year. Although [Feingold] alleges two individuals are dependent upon him for support, [Feingold] remains far above the federal poverty line.

- 5 -

> [Feingold] does not appear to have difficulty obtaining the necessities of life.

Trial Court Opinion, 9/11/18, at unnumbered 14 (footnote omitted).

Our review of the record supports the trial court's conclusion. Although Feingold references orders in other cases that granted him the right to proceed IFP, these decisions have no bearing on the trial court's "veracity" determinations in this case. Feingold cites no case authority to support his contention that the trial court violated the coordinate jurisdiction rule in these circumstances. Thus, Feingold's first issue fails.

In his second issue, Feingold claims that the trial court erred in determining that the complaint he filed was frivolous and that, rather than dismissing the complaint, he should have been granted leave to file an amended complaint. According to Feingold, it is "apparent from a review of the complaint" that he "was able to state viable claims against" Aversa. Feingold's Brief at 7. He continues that, "[i]n such circumstance, the trial court was obligated to permit [Feingold] an opportunity to amend his complaint prior to summary dismissal. *Id.* We disagree.

The note accompanying Rule 240(j)(1) explains, "[a] frivolous action or proceeding had been defined as one that 'lacks and arguable basis either in law or in fact.'" *Id.* at Note (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)). Stated differently, an action is frivolous "if, on its face it does not set forth a valid cause of action." *Ocasio*, 979 A.2d at 354 (citation omitted).

Here, the trial court concluded that Feingold failed to allege facts necessary to establish any of his alleged causes of action. The court first noted the need to provide sufficient material facts to allow the adverse party to prepare his case.

> Pennsylvania "is a fact pleading state, and a complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim." **Donaldson v. Davidson Bros., Inc.**, 144 A.3d 93, 103 (Pa. Super. 2016), citing **Landau v. Western Pennsylvania National Bank**, 445 Pa. 217, 282 A.2d 335, 339 (1971). Plaintiffs filing a complaint are required to "disclose the 'material facts' sufficient to enable the adverse party to prepare his case." **Id.** Here, [Feingold] fails to allege facts necessary to establish any of his purported causes of action.

Trial Court Opinion, 9/11/18, at unnumbered 3.

The court then referenced in detail the requisite elements for each count, and explained why Feingold failed to establish his burden. Our review of the relevant case law as to each count supports the trial court's determination that Feingold failed to establish any of the seven causes of actions that he averred in his complaint. We therefore adopt the Honorable Idee C. Fox's rationale as our own in disposing of Feingold's second issue regarding the frivolity of his complaint.[1]

---

[1] Judge Fox further found that, even if Feingold had provided sufficient facts in support of his alleged causes of action, the applicable statute of limitations had expired years earlier. In his reply brief, Feingold asserts that a factual issue exists as to his "discovery" of Aversa's allegedly fraudulent conduct. **See** Feingold's Reply Brief at 2-4. We disagree. The settlement of that claim was

We also discern no abuse of discretion in the trial court's failure to allow Feingold to amend his complaint. As noted by the trial court, Feingold filed his complaint more than twenty-three years after the alleged order upon which all of his claims are based. Feingold fails to attach this order, and it is undisputed that the order, as well as any other documents involving the Gokalp settlement no longer exist.[2] Judge Fox dismissed Feingold's complaint because it was frivolous, in that the claims lack an arguable basis either in law or fact.

Moreover, in arguing to the contrary, Feingold fails to demonstrate how the trial court's frivolity determination requires reversal on the facts Feingold did plead, let alone how a more specific amended complaint would enable Feingold to state a claim cognizable under Pennsylvania law. Thus, in this instance, Feingold has not met his burden of convincing this Court that Judge Fox's decision was improper. *See The York Group v. Yorktowne Caskets, Inc.*, 924 A.2d 1234, 1246 (Pa. Super. 2007) (explaining, "the appealing party bears the burden of establishing that the trial court's decision is erroneous"). Accordingly, we affirm Judge Fox's order dismissing Feingold's complaint as

---

a matter of public record. As such, Feingold had notice and a duty to pursue any rights he may have had in a timely manner. There is no factual issue to resolve.

[2] Aversa further claims that he left the law firm that actually received the settlement proceeds in 1996. *See* Aversa's Brief at 4-5.

frivolous. The parties are directed to attach a copy of the trial court opinion to this memorandum in the event of future proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/19

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| ALLEN FEINGOLD | JULY TERM, 2018 |
| v. | NO. 1527 |
| JOSEPH AVERSA | SUPERIOR COURT NO. 2292 EDA 2018 |

Feingold Vs Aversa-OPFLD



18070152700011

**OPINION**

Plaintiff Allen Feingold, *pro se*, appeals this court's July 16, 2018 Order which

dismissed his Complaint as frivolous pursuant to Pa.R.C.P. 240(j)(1).

## FACTUAL and PROCEDURAL HISTORY:

Plaintiff commenced this action against Defendant Joseph Aversa by Complaint.

Plaintiff contemporaneously filed a Petition to Proceed *In Forma Pauperis* ("IFP"), which

was assigned to this court. As permitted under Pa.R.C.P. 240(j)(1), the court reviewed

the IFP Petition and the Complaint.

The Complaint sets forth a series of claims, both in contract and tort, regarding

Plaintiff's representation of a client in a motor vehicle accident case from 1995.[1] The

Complaint[2] alleges the following:

    1. The plaintiff is Allen Feingold, is an individual with an address at P.O. Box
       60171, Philadelphia, PA 19102.

---

[1] Initially, it is unclear whether the statute of limitations has passed on Plaintiff's alleged claims.
[2] The Complaint is quoted verbatim, with typographical errors included.

2. The defendant is Joseph Aversa, an individual with an address at 1700 Market Street, Suite 3050, Philadelphia, PA 19103.

3. For many years, plaintiff, Allen Feingold represented an individual, Murat Gokalp in his law suit and claims for injuries and damages arising from a motor vehicle collision.

4. As a result of the improprieties committed, in the law suit filed by Allen Feingold on behalf of Murat Gokalp, by the defendants and their counsel, by failing and/or refusing to fully, timely or completely comply with various court orders, in that law suit, Allen Feingold was able, with extensive work and time, to obtain sanctions against those defendants that injured, Murat Gokalp including a preclusion order.

5. As the matter came nearer to conclusion, the client, Murat Gokalp became less and less cooperative and as a result of same Allen Feingold requested the Court to allow him to withdraw from Murat Gokalp's representation.

6. On March 1, 1995, the Court decreed the withdrawal of Allen Feingold from the law suit of Murat Gokalp.

7. On March 3, 1995, the Court Ordered that any monies received on or from that case shall be placed in an interest bearing escrow account, not to be distributed until an appropriate hearing regarding the fees and costs due to Allen Feingold.

8. Prior to his withdrawal, Allen Feingold received offers of settlement which he transmitted to Murat Gokalp, who failed to accept same.

9. In July/August of 1995,the defendant, Joseph Aversa entered his appearance on that 'aw suit for Murat Gokalp.

10. The monies received from the conclusion of that law suit were intentionally not placed in an interest bearing escrow account, as Ordered.

11. In or around August of 1995, the law suit filed on behalf of Murat Gokalp for his claims for injuries and damages was settled by Murat Gokalp and his new counsel, the Defendant, Joseph Aversa by accepting one of the offers in settlement made and obtained by the work, actions and costs expended by Allen Feingold when and while he represented, Murat Gokalp on those claims for his injuries and damages.

12. Gokalp and Aversa performed no additional work and did nothing but use Allen Feingold's work and offers to accept and settle the above stated action, law suit and matter.

13. Instead of following and complying with the Court Order entered on the record by Judge Maier on March 3, 1995, Defendant, Joseph Aversa, intentionally distributed the settlement monies and funds that were obtained from the above Court Case and Law Suit referred to in that Court Order, and in total violation of same.

14. As a result of Defendant, Joseph Aversa's intentional violation of Judge Maier's Order of March 3, 1995, there never was the hearing that was Court ordered and Allen Feingold never received his fees, costs or the interest involved with same.

No exhibits were attached to the Complaint. The court reviewed the Complaint, in conjunction with the IFP Petition, and dismissed the action as frivolous. This appeal followed.

## DISCUSSION:

In relevant part, Rule 240(j)(1) states:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j)(1).

A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." Pa.R.C.P. No. 240(j)(1). An action is frivolous if "on its face, it does not set forth a valid cause of action." *Ocasio v. Prison Health Servs.*, 979 A.2d 352, 354 (Pa.Super. 2009). Pennsylvania "is a fact pleading state, and a complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim." *Donaldson v. Davidson Bros., Inc.*, 144 A.3d 93, 103 (Pa.Super. 2016), citing *Landau v. Western Pennsylvania National Bank*, 445 Pa. 217, 282 A.2d 335, 339 (1971). Plaintiffs filing a complaint are required to "disclose the 'material facts' sufficient to enable the adverse party to prepare his case." *Id.* Here, the Plaintiff fails to allege facts necessary to establish any of his purported causes of action.

## I.    Fraud

Plaintiff first alleges that Defendant committed fraud by failing to comply with the court's March 3, 1995 Order.  To prove fraud, a plaintiff must establish, by clear and convincing evidence: (1) a representation, (2) which is material, (3) made falsely with knowledge of its falsity or reckless indifference to its truth, (4) with the intent to mislead another, (5) justifiable reliance on that misrepresentation, and (6) resulting injury. *Bell v. Mayview State Hosp.*, 2004 PA Super 242, 853 A.2d 1058 (2004).  "The essence of fraud is a misrepresentation fraudulently uttered with the intent to induce the action undertaken in reliance upon it, to the damage of its victim." *Martin v. Hale Products, Inc.*, 699 A.2d 1283, 1288 (Pa.Super.1997) (quoting *Moser v. DeSetta,* 527 Pa. 157, 163, 589 A.2d 679, 682 (1991))(internal quotation marks omitted).

The Pennsylvania Rules of Civil Procedure require that fraud be "averred with particularity" in order to protect against generalized and unsupported claims.  Pa.R.C.P. 1019(b).  "Averments of fraud are meaningless epithets unless sufficient facts are set forth which will permit an inference that the claim is not without foundation or offered simply to harass the opposing party." *New York State Elec. and Gas Corp. v. Westinghouse Elec. Corp.,* 387 Pa.Super. 537, 564 A.2d 919, 927 (1989) (quoting *Bata v. Central–Penn National Bank of Philadelphia,* 423 Pa. 373, 379–80, 224 A.2d 174 (1966).

Here, Plaintiff fails to allege facts supporting a claim of fraud.  Plaintiff states, "Aversa knew or should have known that plaintiff [sic] had liens upon any settlement or conclusion of that stated case/matter...Aversa intentionally failed and refused to comply

with the Court's Order from the Golkalp v. Swank case/matter and evidently made a distribution of the monies and funds that included plaintiff's [sic] fees and costs." Plaintiff fails to allege with particularity what material representation the Defendant made. Plaintiff merely states that "defendant's fraudulent statements, actions and filings or lack thereof had their sought after effect." Further, Plaintiff fails to allege how he justifiably relied on a misrepresentation. Plaintiff merely states that "[d]efendants [sic] actions, filings and statements to his then client, Gokalp, the Court and the defense in the Gokalp v. Swank case/matter were totally improper and fraudulent." Finally, Plaintiff fails to allege a resulting injury. Plaintiff states in a conclusory manner that Defendant's alleged lack of compliance with the court's Order caused him "great loss ans [sic] damages." This language is inadequate to state a claim for fraud pursuant to Pa.R.C.P. 1019(b).

## II.   Negligent Misrepresentation

In Count Two of the Complaint, Plaintiff attempts to state a claim of negligent misrepresentation. To establish a claim of negligent misrepresentation, a plaintiff must prove: "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and; (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Servin v. Duane Morris LLP*, No. 1543 EDA 2017, 2018 WL 1280520, at 5 (Pa.Super. 2018) (quoting *Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999)). "These [negligent misrepresentation] elements are equivalent to those of

fraud."[3] *Tanksley v. Daniels*, 259 F. Supp. 3d 271, 301 (E.D. Pa. 2017), aff'd, No. 17-2023, 2018 WL 4087884 (3d Cir. Aug. 28, 2018) (quoting *Square D Co. v. Scott Elec. Co.*, No. 06-0459, 2008 WL 2096890, at *2 (W.D. Pa. May 16, 2008)).

As such, the court's analysis of Plaintiff's claim for negligent misrepresentation, above, is the same as its analysis of Plaintiff's claim for fraud. To that end, Plaintiff's conclusory statements failed to support a claim for negligent misrepresentation.

### III.  Breach of Contract

In Count Three of the Complaint, Plaintiff attempts to state a claim for breach of contract. It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages. *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 635 Pa. 427, 445, 137 A.3d 1247, 1258 (2016). Further, a contract may be manifest either orally, in writing, or as inference from the acts and conduct of the parties. *Id.*

Here, Plaintiff has failed to demonstrate, *by any means*, the existence of a contract. Plaintiff states that he "had a contract of representation with the defendant, attorney, Aversa's client, Gokalp that he caused to be breeched [sic] and broken." It appears that Plaintiff is referencing a contract that he had with Defendant's prior client, Gokalp; however, he/she is not a party to this action. See *Electron Energy Corp.*, 597 A.2d at 177 (holding that "[i]t is fundamental contract law that one cannot be liable for a breach of contract unless one is a party to that contract"). Plaintiff fails to allege that

---

[3] The language in Plaintiff's Complaint under "FRAUD-COUNT 1" and "Negligent Misrepresentation– Count II" is identical.

he had a contract with Defendant, whether that be oral, in writing, or inferred from conduct. Accordingly, Plaintiff failed to allege how Defendant breached the supposed contract, nor allege with particularity the damages he suffered therefrom. To that end, Plaintiff fails to prove any of the aforementioned elements of a breach of contract claim.

Moreover, *even if* Plaintiff had alleged the existence of a contract, his remaining tort claims would then likely be barred by the "gravamen of the action" doctrine. "When a plaintiff alleges that the defendant committed a tort in the course of carrying out a contractual agreement, Pennsylvania courts examine the claim and determine whether the 'gist' or gravamen of it sounds in contract or tort." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 806 A.2d 936 (Pa.Cmwlth.2002). The "gist of the action" doctrine is designed to maintain the conceptual distinction between breach of contract and tort claims. *Etoll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10 (Pa.Super.2002). Procedurally, the doctrine precludes plaintiffs from recasting ordinary breach of contract claims into tort claims. *Id.* Here, the nature of the duty to pay the costs and fees of Plaintiff's prior representation would derive from contract, not tort. To that end, even if Plaintiff alleged the existence of a contract for these fees, the "gist" of his claim would derive from contract, and thus all of his remaining tort claims would be barred.

## IV. Conversion

In Count Four of the Complaint, Plaintiff attempts to state a conversion claim. "Under Pennsylvania law, the required elements of a conversion claim are: (1) the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, (2) without the owner's consent, and (3) without lawful

justification." *Gabriel v. Giant Eagle, Inc.*, 124 F. Supp. 3d. 550, 573 (W.D. Pa. 2015). "A plaintiff has a cause of action in conversion if he or she had actual or constructive possession of a chattel at the time of the alleged conversion." *Pittsburgh Const. Co. v. Griffith*, 2003 PA Super 374, 834 A.2d 572, 581 (2003) (quoting *Chrysler Credit Corporation v. Smith*, 434 Pa.Super. 429, 643 A.2d 1098, 1100 (1994)).

Here, Plaintiff fails to sufficiently describe how he was the rightful owner of the funds Defendant allegedly distributed. Plaintiff states that "defendant intentionally made distribution of the settlement funds in intentional violation of the relevant, Court Order thereby preventing the plaintiff from even having the opportunity to obtain his fees and costs and evidently stole/converted the monies due the plaintiff or even the opportunity to obtain same in direct violation of the Court and the Law." As previously noted, Pennsylvania law requires that a complaint apprise the defendant of the claim being asserted and enable the adverse party to prepare his case. *Donaldson, supra.* Plaintiff's failure to attach the alleged March 3, 1995 Order or any other documentation indicating Plaintiff's right to the referenced funds deprives Defendant of the ability to determine the validity of the action or to formulate a defense to Plaintiff's claims. This information is necessary to establish the elements for a conversion claim.

## V.    Civil Conspiracy

In Count Five of the Complaint, Plaintiff attempts to state a civil conspiracy claim. In Pennsylvania, to succeed on a civil conspiracy claim, a plaintiff must show: "'(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act

done in pursuance of the common purpose; and (3) actual legal damage."' *Sullivan v. Rankin*, No. 1:16-CV-2546, 2017 WL 4544619, at *9 (M.D. Pa. Sept. 29, 2017)(quoting *Strickland v. University of Scranton*, 700 A.2d 979, 987-88 (Pa. Super. Ct. 1997)). "Proof of malice or an intent to injure is essential to the proof of a conspiracy." *Id.* at 988.

Here, Plaintiff fails to set forth a valid cause of action for civil conspiracy. First, in order to allege a claim for civil conspiracy, one must show that *two or more* individuals were acting with a common purpose. Plaintiff fails to indicate the other individual Defendant allegedly conspired with and fails to name another individual as a co-defendant. Thus, it follows that Plaintiff fails to allege a common purpose and an act done in furtherance of same. As stated previously, Plaintiff merely states that he was "damaged and harmed as a direct result and consequence of the defendant, attorney, Aversa's fraudulent and intentional acts, statements, and filings." Plaintiff fails to allege, with specificity, the damages he suffered.

## VI. Abuse of Process

In Count Six of the Complaint, Plaintiff attempts to state an abuse of process claim. "The tort of 'abuse of process' is defined as the use of legal process against another 'primarily to accomplish a purpose for which it is not designed.'" *Rosen v. American Bank of Rolla*, 426 Pa.Super. 376, 627 A.2d 190, 192 (1993) (quoting Restatement (Second) of Torts § 682). In order to establish an abuse of process claim, a person must "show that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3)

harm has been caused to the plaintiff." *Id.* "[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Shaffer v. Stewart*, 326 Pa. Super. 135, 138–39, 473 A.2d 1017, 1019 (1984).

Here, Plaintiff fails to allege how Defendant used a legal process for a purpose for which the process was not designed. In fact, the only legal process Plaintiff references is that of obtaining the March 3, 1995 Order, which Plaintiff himself refers to as a "very relevant and proper Order enter [sic] by the Court related th [sic] plaintiff's fees and costs expended in the Gokalp v. Swank [case]." As it is unclear what legal process Defendant misused, Plaintiff's abuse of process claim must fail.

## VII.  Intentional Infliction of Emotional Distress

Finally, in Count Eight of the Complaint, Plaintiff attempts to state a claim for intentional infliction of emotional distress ("IIED"). In order to succeed on an IIED claim, one must show that the defendant's conduct was "(1) extreme or outrageous; (2) intentional or reckless; and (3) caused severe emotional distress to another." *Fargione v. Sweeney*, No. CV 16-5878, 2017 WL 4283955, at *5 (E.D. Pa. Sept. 27, 2017) (quoting *Mantua Cmty. Planners v. City of Phila.*, No. CV 12-4799, 2016 WL 3227643, at *10 (E.D. Pa. June 13, 2016)). "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Hoy v. Angelone*, 554 Pa. 134, 151, 720 A.2d 745, 754 (1998) (quoting *Buczek v. First National Bank of Mifflintown*, 366 Pa.Super. 551, 558, 531 A.2d 1122, 1125 (1987)).

Here, Plaintiff fails to properly allege an IIED claim. First, even assuming arguendo that Defendant made a distribution of the funds that included Plaintiff's costs and fees, such conduct does not amount to extreme, outrageous, or atrocious.[4] Second, Plaintiff fails to specify what type of injury he suffered, the time at which he suffered it in relation to Defendant's alleged conduct, or whether he sought any treatment for the alleged distress. Plaintiff merely states that Defendant's conduct "caused the plaintiff a great loss ans [sic] damage" and Defendant's conduct was "improper and to intentionally inflict emotional distress upon the plaintiff." Such conclusory statements fail to adequately allege the elements of an IIED claim.

## VIII. Statute of Limitations

Moreover, *even if* Plaintiff provided sufficient facts giving rise to a plausible claim against the Defendant, the statute of limitations has long elapsed on *both* Plaintiff's tort and contract claims. Generally, actions for torts must be brought within two years of when an injury is inflicted and the right to institute a suit arises. *Mariner Chestnut Partners, L.P. v. Lenfest*, 2016 Pa.Super 277, 152 A.3d 265 (2016). Actions and proceedings for malicious abuse of process; for taking, detaining or injuring personal property, including actions for specific recovery thereof; and for deceit or fraud, must

---

[4] Courts have found only the most egregious conduct to amount to "extreme" or "outrageous" for purposes of this claim. *See Papieves v. Lawrence*, 437 Pa. 373, 263 A.2d 118 (1970)(defendant struck and killed plaintiff's son with an automobile, failed to notify authorities or seek medical assistance, then buried the body in a field); *Banyas v. Lower Bucks Hospital*, 293 Pa.Super. 122, 437 A.2d 1236 (1981)(defendants intentionally altered records to frame plaintiff for killing a third party, which led to plaintiff's indictment for homicide.)

be commenced within two years. 42 Pa.C.S.A. § 5524. Generally, actions for breach of contract must be commenced within four years.[5] 42 Pa.C.S.A. § 5525.[6]

Here, Plaintiff filed his Complaint more than twenty-three years after the alleged Order was entered. Plaintiff has provided no indication of when Defendant allegedly made a distribution of the funds, nor has Plaintiff provided any facts to support that tolling the statute of limitations was appropriate in this case. To that end, dismissal of the Complaint was appropriate.

## IX. Standing

Additionally, Plaintiff has not alleged sufficient facts to indicate proper standing in this matter. According to Pennsylvania law, a party must be aggrieved in order to possess standing to pursue litigation; specifically, "aggrievability" is obtained by having a "substantial, direct, and immediate interest" in proceedings or litigation. *Del Ciotto v. Pennsylvania Hosp. of the Univ. of Penn Health Sys.*, 2017 Pa.Super 412, 177 A.3d 335 (2017) (quoting *Johnson v. Am. Standard*, 607 Pa. 492, 8 A.3d 318, 333 (2010)). In order to have a substantial interest, there "must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law." *Id.* at 351 (quoting *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269, 282 (1975)).

Here, Plaintiff failed to allege sufficient facts indicating he has any interest in Defendant's compliance with the referenced Order, besides that held by all citizens in

---

[5] Again, Plaintiff has failed to allege the existence of a contract, thus, it is unclear whether the contract would fall within an exception to the general four year statute of limitations for breach of contract claims.

[6] See *Evans v. Philadelphia Newspapers, Inc.*, 411 Pa. Super. 244, 249, 601 A.2d 330, 333 (1991)(finding that parties cannot circumvent the statute of limitations by merely categorizing the claim as either contract or tort regardless of what the gist of the action is.

having others comply with the law. Plaintiff alleges that as a result of Defendant's "intentional violation of Judge Maier's Order of March 3, 1995 ... Allen Feingold never received his fees, costs or the interest involved with same." However, Plaintiff failed to attach the alleged March 3, 1995 Order, as well as any contract he entered into with Defendant, or his prior client, regarding fees or costs for his services. To that end, there is no indication that Plaintiff was entitled to any of the alleged funds referenced.

Moreover, according to the Disciplinary Board of the Supreme Court of Pennsylvania, Plaintiff has been disbarred from the Commonwealth of Pennsylvania Bar.[7] Pursuant to the Pennsylvania Rules of Disciplinary Enforcement, a formerly admitted attorney is prohibited from "receiving, disbursing or otherwise handling client funds." Pa.R.D.E. Rule 217(j)(4)(x). To that end, the relief that Plaintiff appears to seek in each cause of action, receiving a prior client's funds, is contrary to the Pennsylvania Rules of Disciplinary Enforcement.[8]

## X.    IFP Petition

Finally, the court properly denied Plaintiff's IFP Petition. Pennsylvania Rule of Civil Procedure 240(b) states, "[A] party who is without financial resources to pay the costs of litigation is entitled to proceed in forma pauperis." In reviewing IFP appeals, "there must be considerable discretion vested in the lower courts so that persons who are not in poverty may not enjoy the privilege of appealing... without the payment of

---

[7] Pursuant to the Disciplinary Board of the Supreme Court of Pennsylvania's website, Plaintiff (Attorney ID: 3892) was disbarred August 22, 2008.

[8] Additionally, to the extent that Plaintiff seeks to make a claim on behalf of his prior client, such activity is also barred by the Pennsylvania Rules of Disciplinary Enforcement. Rule 217 prohibits a formerly admitted attorney from "performing any law-related services for any client who in the past was represented by the formerly admitted attorney." Pa.R.D.E. Rule 217(j)(4)(iii).

costs." *Davila v. Soto*, 250 Pa. Super. 42, 45, 378 A.2d 443, 444 (1977). If the court does deny the petition, the court "shall briefly state its reasons." Pa.R.C.P. 240(c)(3).

Pennsylvania Rule of Civil Procedure 240 does not define what constitutes "without financial resources to pay the costs of litigation." However, case law demonstrates that the issue before the court is "not whether petitioners are unable to pay the costs, but whether they are in poverty. If they are in poverty, it follows that they are unable to pay the costs, and their petition should be granted." *Gerlitzki v. Feldser*, 226 Pa. Super. 142, 144–45, 307 A.2d 307, 308 (1973). The analysis of what constitutes poverty refers to a petitioner's net worth, as well as whether he/she is able to obtain the necessities of life. *Id.*

Here, Plaintiff failed to demonstrate a lack of financial resources to pay the costs of litigation. Plaintiff previously filed an IFP Petition with this court on January 17, 2018.[9] After a hearing, this court denied the IFP Petition. The IFP Petition Plaintiff submitted in this case represented no change in Plaintiff's ability to pay the costs of litigation. Plaintiff indicated he receives $2,153.00 per month in social security benefits, which equates to $30,156 per year. Although Plaintiff alleges two individuals are dependent upon him for support, Plaintiff remains far above the federal poverty line. Plaintiff does not appear to have difficulty obtaining the necessities of life.

For the reasons set forth above, the factual matters alleged in Plaintiff's Complaint do not give rise to a plausible claim against the Defendant, nor is Plaintiff

---

[9] See Philadelphia CCP No. 180102276.

without financial resources to pay the cost of litigation.  For the foregoing reasons, this court's Order of July 16, 2018 should be affirmed.

BY THE COURT:

9/10/18

_____
IDEE C. FOX, J.