J-S51017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTOPHER IWANICKI, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THERESA DELBALSO, | : | |
| | : | |
| Appellee | : | No. 777 MDA 2014 |

Appeal from the Order entered on December 17, 2013
in the Court of Common Pleas of Luzerne County,
Civil Division, No. 13584 of 2013

BEFORE: BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED OCTOBER 22, 2014**

Christopher Iwanicki ("Iwanicki") appeals, *pro se*, from the Order denying his Petition to proceed *in forma pauperis* in his underlying *habeas corpus* action against Theresa Delbalso ("Delbalso"), Superintendent of the State Correctional Institution at Retreat ("SCI-Retreat").[1] We affirm.

In April 2004, Iwanicki was convicted of five counts of stalking and three counts of harassment, and sentenced to serve an aggregate prison term of 80 to 300 months. This Court affirmed Iwanicki's judgment of sentence, after which the Supreme Court of Pennsylvania denied allowance of appeal. ***See Commonwealth v. Iwanicki***, 888 A.2d 6 (Pa. Super.

---

[1] A review of the record shows that Iwanicki is currently confined at the State Correctional Institution at Dallas, following his transfer from SCI-Retreat in February 2014. Both facilities are located in Luzerne County.

2005) (unpublished memorandum), ***appeal denied***, 904 A.2d 856 (Pa. 2006).

In February 2007, Iwanicki filed a Petition, which the trial court treated as a first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[2] Following the dismissal of his PCRA Petition, Iwanicki appealed to this Court, but the panel dismissed the appeal for failing to file an appellate brief.

In the subsequent years, Iwanicki filed numerous PCRA Petitions and various other Petitions for relief with this Court, the Commonwealth Court, and the Supreme Court of Pennsylvania, and in the federal courts.[3] None of these courts ever granted Iwanicki relief.

On November 27, 2013, Iwanicki filed a *pro se* Petition for Writ of *Habeas Corpus* challenging the legality of his detention, and asserting that

---

[2] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[3] Iwanicki's separate cases include 5 in this Court; 3 in the Commonwealth Court; 3 in our Supreme Court; 11 in the United States District Court for the Eastern District of Pennsylvania; 4 in the United States District Court for the Western District of Pennsylvania; and 17 in the Third Circuit Court of Appeals.

- 2 -

his sentence is illegal and unconstitutional.[4]  On the same day, Iwanicki also filed a Petition to proceed *in forma pauperis*.

By an Order entered on December 17, 2013, the Honorable Lisa Gelb ("Judge Gelb") denied Iwanicki's Petition to proceed *in forma pauperis*. Iwanicki then filed a Motion for Reconsideration, which Judge Gelb denied. In response, Iwanicki filed a *pro se* Notice of Appeal.[5]  Iwanicki filed a Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal, after which Judge Gelb issued a Pa.R.A.P. 1925(a) Opinion.

On appeal, Iwanicki presents the following issues for our review:

1. Did Judge [] Gelb deprive [Iwanicki of] his [rights under] U.S. Constitutional Amendment 1 … by denying [him *in forma pauperis* status] in a *habeas corpus* proceeding, based upon unconstitutional considerations and error[]s of standing law?

---

[4] We observe that Iwanicki's Petition for Writ of *Habeas Corpus* is properly treated as a Petition filed under the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546; **see also Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (stating that any petition filed after an appellant's judgment of sentence becomes final, including a praecipe for writ of *habeas corpus*, should be treated as a PCRA petition where the PCRA could provide for a potential remedy).  A petitioner cannot circumvent the jurisdictional strictures of the PCRA by titling his petition as a petition for writ of *habeas corpus*.  **Taylor**, 65 A.3d at 466.

[5] The Luzerne County Prothonotary initially refused to docket Iwanicki's Notice of Appeal (which he filed within 30 days of the December 17, 2013 Order denying his Petition to proceed *in forma pauperis*) because he had not paid the requisite filing fee.  On December 24, 2013, the Prothonotary sent Iwanicki a letter informing him that, because the court had denied him *in forma pauperis* status, he was required to pay the $140 filing fee if he wished to proceed with his appeal.  However, the Prothonotary eventually docketed Iwanicki's Notice of Appeal after having received two *per curiam* Orders from this Court directing such action.

2. Did Judge [] Gelb deprive [Iwanicki of] his [rights under] U.S. Constitutional Amendment 14, due process and equal protection clauses, respectively, by denying [him *in forma pauperis* status] in a *habeas corpus* proceeding, based upon unconstitutional considerations and error[]s of standing law?

3. Did Judge [] Gelb deprive [Iwanicki of his] Article I, § 11[] right to remedy, under the [Pennsylvania] Constitution, by denying [him *in forma pauperis* status] in a *habeas corpus* proceeding, based upon unconstitutional considerations and error[]s of standing law?

4. Did Judge [] Gelb deprive [Iwanicki of] the right to present his case to a civil jury, by depriving him [of] a neutral adjudicator, utilizing unconstitutional considerations and error[]s of law, to deny [him *in forma pauperis* status], foreclosing [his] Article I, § 11[] right to remedy under the [Pennsylvania] Constitution?

5. Did Judge [] Gelb deprive [Iwanicki] of honest services as a public official?

6. Did Judge [] Gelb willfully commit active concealment and false pretenses, presenting the same to [the Superior] Court, perpetrating fraud of [*sic*] the docketed record?

Brief for Appellant at 5-6 (emphasis and some capitalization omitted).

Iwanicki's issues challenge Judge Gelb's Order denying his Petition to proceed *in forma pauperis*.[6] Judge Gelb states in her Rule 1925(a) Opinion that "[t]his Court did not deny the [P]etition based upon the poverty allegation of [] Iwanicki[;] however, this Court did deny the [P]etition

---

[6] We observe that the Order in question is final and appealable. **See Grant v. Blaine**, 868 A.2d 400, 403 (Pa. 2005) (holding that "an order denying *in forma pauperis* status is a final, appealable order."); **see also Crosby Square Apts. v. Henson**, 666 A.2d 737, 738 n.1 (Pa. Super. 1995) (same).

because the proceeding filed was frivolous." PCRA Court Opinion, 5/2/14, at 1 (unnumbered) (relying upon Pa.R.C.P. 240(j)(1) (providing that "[i]f, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.")); **see also** PCRA Court Opinion, 5/2/14, at 2 (unnumbered) (stating that "[t]he substantive allegations of Iwanicki's [illegal] sentencing, even if proven, are not cognizable claims against a superintendent of a prison[, *i.e.*, Delbalso].").

"Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." **Bell v. Mayview State Hosp.**, 853 A.2d 1058, 1060 (Pa. Super. 2004).

As stated above, Iwanicki's Petition for Writ of *Habeas Corpus* was properly treated as a facially untimely PCRA Petition, and Iwanicki has previously initiated numerous actions seeking to collaterally attack his convictions. Our review discloses that Iwanicki's *habeas corpus* action is a blatant attempt to avoid the jurisdictional strictures of the PCRA. **See Taylor, supra** (stating that a petitioner cannot circumvent the jurisdictional strictures of the PCRA by titling his petition as a petition for writ of *habeas*

- 5 -

*corpus*). Moreover, we discern no abuse of discretion or error of law in Judge Gelb's determination that Iwanicki's *habeas corpus* action is frivolous, nor do we discern any violation of Iwanicki's constitutional rights. Accordingly, we affirm the Order on appeal.

Order affirmed.

Judge Ott did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2014