J-S17016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHAD BATTERMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SILVIA SANTO | : | No. 145 EDA 2022 |

Appeal from the Order Entered December 20, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2019-06877

BEFORE:  BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:           **FILED JULY 27, 2022**

Chad Batterman (Father) appeals from the order, entered in the Court of Common Pleas of Montgomery County, denying his petition to proceed *in forma pauperis* (IFP).[1]  After our review, we reverse and remand for a hearing on Father's petition.

Father and Silvia Santo (Mother) were married in November 2014 and separated in November 2017.[2]  Mother and Father are the parents of C.B. and D.B. (Children), ages 5 years and 3 years, respectively.   On February 12, 2018, the court entered an order granting the parties shared legal custody of the Children, granting Mother primary physical custody, and granting Father

---

[1] An order denying IFP status is a final, appealable order.  ***See Grant v. Blaine***, 868 A.2d 400, 402 (Pa. 2005).

[2] Mother commenced divorce proceedings, but the record does not disclose whether a divorce decree has been entered.

partial physical custody (one day a week and every other weekend). *See* Order, 2/12/18. On May 3, 2019, the trial court[3] entered a custody order granting Mother sole legal custody and primary physical custody of the Children and granting Father partial physical custody of the Children. *See* Order, 5/3/19. Since 2017, this custody matter has accumulated over 370 docket entries, primarily from Father's efforts to obtain contempt orders against Mother.[4]

_____

[3] The parties' litigation was initiated in Philadelphia. The May 3, 2019 order was entered in the Court of Common Pleas of Philadelphia. Thereafter, the matter was transferred to Montgomery County.

[4] Despite words of caution and criticism by the Honorable Melissa S. Sterling, Father has continued his litigious pursuit. Judge Sterling stated:

> Dozens of emergency petitions, petitions for contempt, reconsideration motions, appeals and numerous filings against third parties [including children's physicians, local police, and maternal grandparents] seeking discovery regarding the [c]hildren, have been filed with this [c]ourt and the Pennsylvania Superior Court and have been heard before numerous judges. . . . Despite numerous warnings and threats of sanctions being imposed against him, Father continues to file [and] seeks contempt ruling after contempt ruling, hoping to increase his custody time while reducing Mother's. . . . Father's continued abuse and misuse of the court system in his attempts to gain the upper hand cannot be ignored[.] . . . We do not make our decision today lightly, particularly given the four-year, non-stop battle over these small children and the continued abuse of court time and resources. It appears to us that their spiteful litigation has almost become a full-time job for these parents. We know Father seeks an equal parenting role, but we do not believe that would be the correct decision at this time. These parents must learn to co-parent as peacefully as they possibly can. Once they reach that state of mind–that their children are more important than their

*(Footnote Continued Next Page)*

On July 16, 2021, following Father's petition for modification of custody and a five-day hearing, the court entered an order maintaining sole legal and primary physical custody of the Children in Mother[5] and adjusting Father's partial physical custody award to two days during the week (Tuesday from 8:00 a.m. until Wednesday at 7:00 p.m.), and every other weekend (Friday at 5:00 p.m. to Monday at 8:00 a.m.). *See* Order, 7/16/21.

The instant matter stems from Father's prior appeal of an October 27, 2021, order awarding Mother seven "makeup" days of physical custody of the Children as a result of "Father's unauthorized withholding of the [C]hildren for seven days." Trial Court Opinion, 1/24/22, at 1. After a one-day trial on

---

battles–we are hopeful that they will be able to jointly make the right decisions for the Children. But for now, one parent must have the ability to make final decisions on critical issues such as health and education and, having heard 5 days of testimony, reviewed both parties' exhibits and considered all the evidence before us, we believe the [o]rder we have issued today is the fairest we can provide.

Findings of Fact, 7/16/21, at 2-5, 9, 12.

[5] With respect to legal custody, the court order contained the following provision:

Due to the inability of these parents to come to any significant agreement on the raising of their Children and the [c]ourt's determination that [Mother] is better able to make the day-to-day decisions, Mother shall have sole legal custody of the Children. However, before making decisions regarding the Children other than emergency decisions, Mother shall make reasonable efforts to advise [Father] so that he may provide his input. The ultimate decision-making shall be up to Mother.

Order, 7/16/21.

October 14, 2021, the court entered an order awarding Mother the seven makeup days. Father filed a motion for reconsideration, and an amended motion for reconsideration, both of which the court denied. Father filed an appeal to this Court, docketed at 2455 EDA 2021, but he did not include an order for the trial transcript, as required by Pa.R.A.P. 904(c)[6] and Pa.R.A.P. 1911(a).[7] This Court ultimately dismissed that appeal.[8]

_____

[6] Rule 904(c) states:

> The request for transcript contemplated by Pa.R.A.P. 1911 or a statement signed by counsel that either there is no verbatim record of the proceedings or the complete transcript has been lodged of record **shall** accompany the notice of appeal, but the absence of or defect in the request for transcript shall not affect the validity of the appeal.

Pa.R.A.P. 904(c) (emphasis added).

[7] Rule 1911(a) states:

> The appellant **shall** request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 4001 et seq. of the Pennsylvania Rules of Judicial Administration.

Pa.R.A.P. 1911(a) (emphasis added).

[8] On January 3, 2022, in his appeal docketed at 2455 EDA 2021, this Court denied Father's petition for emergency relief, stating:

> In light of the trial court's order denying appellant's petition for in forma pauperis [status], on December 20 2021, an order was entered directing appellant to order and pay for the pertinent transcript no later than December 27, 2021. Appellant was

*(Footnote Continued Next Page)*

On December 14, 2021, the trial court directed Father to order the transcript from the October 14, 2021 trial. On December 16, 2021, Father filed a petition seeking IFP status, which the trial court denied. *See* Order, 12/20/21. Father filed this timely appeal on December 23, 2021.

On appeal, Father clams the trial court erred as a matter of law by denying his petition to proceed IFP. Appellant's Brief, at 1. Father argues the trial court violated his due process rights by failing to schedule a hearing on his petition. *Id.* at 3.[9]

_____

cautioned that a failure to order and pay for the transcript would result in dismissal of this appeal without further notice of Court. Appellant has failed to order and pay for the transcript as directed. Accordingly the appeal at 2455 EDA 2021 is hereby **DISMISSED**.

Order, 1/3/22. On January 9, 2022, Father filed a petition for reconsideration of the order dismissing his request for emergency relief, and on January 10, 2022, he filed an amended petition for reconsideration. This Court denied both motions on January 28, 2022. *See* Order, 1/28/22. We underscore the fact that this Court's dismissal order was based on Father's failure to order and pay for the relevant transcript; the merits of the trial court's denial of IFP status was not at issue in that appeal. The present appeal concerns only the IFP petition. The underlying matter—the makeup days issue–though not pending, was dismissed. However, because we are vacating the trial court's order and remanding this matter back to the trial court, we decline to address the mootness issue. *See In re Gross*, 382 A.2d 116 (Pa. 1978) (it is well established that actual case or controversy must exist at all stages of appellate review, and courts of this Commonwealth will not decide moot questions).

[9] We note the procedural confusion in this case. The trial court did not order Father to file a Pa.R.A.P. 1925(b) statement. However, on December 27, 2021, Father did file a Rule 1925(b) statement, but he did not include the issue he raises in his appellate brief. Father did "reserve" the right to file an amended statement. *See* Pa.R.A.P. 1925(b) Statement, 12/27/21. On January 11, 2022, Father filed an amended Rule 1925(b) statement, which included his IFP claim. There, Father averred the trial court erred in denying
*(Footnote Continued Next Page)*

This Court will only reverse an order denying an IFP petition if the trial court committed an abuse of discretion or an error of law.  ***D.R.M. v. N.K.M.***, 153 A.3d 348, 350-51 (Pa. Super. 2016).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration.  Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises

---

his IFP petition and that the court "erred as a matter of law by denying [Father] a hearing regarding his [IFP] petition."  ***See*** Amended Rule 1925(b) Statement, 1/11/22.  Adding to the confusion, the trial court refers to the December 27, 2021, Rule 1925(b) statement, and states that that statement raised the issue of whether the court erred as a matter of law by denying Father's IFP petition and reserved the right to file an amended statement.  ***See*** Trial court Opinion, 1/24/22, at 3-4.  However, as noted above, Father's first Rule 1925(b) statement, dated 12/27/21, made no mention of the IFP petition, and raised issues pertaining only to contempt and the court's order granting Mother makeup days.  In its December 27, 2021, opinion, the court addressed the issues of contempt and the award of makeup days.  ***See*** Trial Court Opinion, 12/27/21, at 7-11.

Rule 1925(b) permits the filing of a supplemental statement in two limited circumstances.  First, Rule 1925(b)(2) provides that, ***"[u]pon application of the appellant and for good cause*** shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed." Pa.R.A.P. 1925(b)(2) (emphasis added).  Second, the Rule provides, "[i]n extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*." Pa.R.A.P. 1925(b)(2).  Although we cannot countenance Father's unilateral reservation of his right to file an amended statement, we decline to find waiver here, where the trial court did not order a Rule 1925(b) statement and the court addressed, in its January 24, 2022, opinion, the issue raised in Father's January 22, 2022, Rule 1925(b) statement.  ***See*** Trial Court Opinion, 1/24/22, at 7-8.  ***Cf.  Commonwealth v. Woods***, 909 A.2d 373, 377 (Pa. Super. 2006) (merely adding language to closing paragraphs of Rule 1925(b) statement, reserving additional time to file supplemental statement, without leave of court, will not preserve issues for appeal).

its discretion in a manner lacking reason.  Similarly, the trial court abuses its discretion if it does not follow legal procedure.

An abuse of discretion exists when the trial court has rendered a decision or a judgment which is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias or ill will.

*Conway v. Conway*, 209 A.3d 367, 371 (Pa. Super. 2019) (citation omitted).

In determining IFP status, the trial court must satisfy itself of the truth of the averment of an inability to pay the costs of litigation, and if it believes the petitioner's averments, there is no requirement that the court conduct an evidentiary hearing.  *Commonwealth v. Cannon*, 954 A.2d 1222, 1226 (Pa. Super. 2008), citing *Amrhein v. Amrhein*, 903 A.2d 17, 19 (Pa. Super. 2006).  However, if the court disbelieves even some of the petitioner's averments, an evidentiary hearing must be held.  *Amrhein, supra*.  *See also Crosby Square Apartments v. Henson*, 666 A.2d 737 (Pa. Super. 1995);  *In re Adoption of B.G.S.*, 614 A.2d 1161 (Pa. Super. 1992); *Koziatek v. Marquett*, 484 A.2d 806 (Pa. Super. 1984).  Although the trial court has considerable discretion in determining whether a person is indigent for purposes of an IFP application, *Amrhein*, *supra*, in making that determination, the trial court must focus on whether the person can afford to pay and cannot reject allegations contained in an application without conducting a hearing.  *Cannon*, *supra*; *Crosby Square*, *supra*.

Here, the trial court noted that Father's requests for IFP status had been denied in two prior proceedings before other trial court judges.  *See* Trial Court Opinion, 1/24/22, at 4-5.  The court also noted that Father had taken

- 7 -

the children on vacation for three weeks in South Carolina a few months prior to filing the instant IFP petition, finding that "simply inconsistent with the averment in his [p]etition that he had no assets, no income, and no contributions from others." *Id.* at 6. Essentially, the trial court disbelieved Father's averments, but despite the fact that the court acknowledged "a hearing on a petition for IFP status is generally required before the petition can be denied," the court reasoned that under the exceptional circumstances of this case, that rule should not apply.

We agree with the trial court that the circumstances of this case are exceptional, and, more to the point, egregious. However, we are aware of no authority supporting an exception to the rule that, if the court disbelieves averments in an IFP petition, it is incumbent upon the court to hold a hearing.

In *Amrhein*, this Court summarized the relevant law as follows:

> The *Crosby Square* Court [] noted that when considering whether an individual is indigent, the trial court must focus on whether he or she can afford to pay and cannot reject the allegations contained in an application without conducting a hearing. If some allegations in the application are accepted but others are rejected, a hearing nonetheless is required. . . . In *Goldstein v. Haband Company, Inc.*, [814 A.2d 1214 (Pa. Super. 2002),] we reiterated that *a* **trial court's disbelief of averments in an IFP application requires the court to hold an evidentiary hearing to determine the veracity of the claim of the inability to pay costs.**

*Amrhein*, 903 A.2d at 23-24 (some internal citations and quotations omitted) (emphasis added).

Here, the court assessed the credibility of Father's allegations that he was unable to afford the costs of his appeal without holding a hearing. In fact, the court stated that "[t]he lack of veracity in Father's IFP [p]etition was self-evident." Trial Court Opinion, *supra* at 8. The court, therefore, abused its discretion in denying the petition without a hearing. *Conway*, *supra*. We are constrained to reverse and remand for a hearing on Father's IFP petition.

Order reversed; case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2022